THE STATE OF MARYLAND, use of ISABEL M. HALL *vs.* FRANK W. TRIMBLE et al.

*Proof of Relation of Master and Servant—Injury to Workman in Elevator Shaft—Evidence.*

Deceased was employed as a painter by a firm which was erecting an apartment house. On July 1st, the house was turned over to a corporation. The manager of the firm who had employed the painter, was also the manager of the corporation. Deceased continued to work after the transfer of the house, and there was no notice to him that he was thereafter in the employ of the corporation. While at work, in September, painting in the basement of the elevator shaft, he was struck by the elevator and died as the result of the injuries. In an action against the firm to recover damages for the death so occasioned. *Held*, that the relation of master and servant between the deceased and the firm having been once established and his work continuing to be apparently the same as before July 1st, that relation could not be changed by any undisclosed intention on the part of the manager to consider the deceased as an employee of the corporation, and that the evidence in the case is legally sufficient to show that the deceased when injured, was in the employ of the firm.

*Held*, further, that evidence is admissible to show that after July 1st, the wages of the deceased were paid by the firm, or the money expended by the firm for his work, was repaid by the corporation.

*Held*, further, that evidence that the defendant carried casualty insurance on the work, is not admissible.

An employee was struck by an elevator while in the basement engaged in painting the cage. In an action against the firm who employed him, and whose manager denied that he had directed the deceased to do the work in question while the elevator was running, a witness may be asked what he heard defendant's manager say to a third person in regard to elevator, and what precautions were taken by the manager to stop the elevator when deceased was at work in the basement of the shaft.

In an action to recover damages for a death alleged to have been caused by defendant's negligence, the records of a hospital where the deceased was treated for the injuries resulting in his death, are not admissible in evidence when unaccompanied by the testimony of the person who made them, or proof that they were in his handwriting, or that such person was on duty at the hospital on the days to which the entries related.

*Decided November 2nd, 1906.*

Appeal from Baltimore City Court (WRIGHT, J.)

The cause was argued before McSHERRY, C. J., BRISCOE, BOYD, PEARCE, SCHMUCKER, JONES and BURKE, JJ.

*Thomas MacKinzie* (with whom were *J. V. L. Findlay* and *J. V. L. Findlay, Jr.,* on the brief), for the appellant.

*Jesse Slingluff* (with whom was *Carville D. Benson* on the brief), for the appellees.

BURKE, J., delivered the opinion of the Court.

The Preston Apartment Company, a corporation, on the 8th day of September, 1903, was the owner of a building in the city of Baltimore, located at the corner of Guilford avenue and Preston street. In this building was a passenger elevator, used for the accommodation of the patrons of the house, which ran from the floors above to the basement. This elevator had been constructed at large expense, and was in good condition, and could be stopped in the distance of two or three feet, and on the day mentioned was in charge of Michael Fallon who, in the opinion of the owner, was a proper person to

operate it. The elevator shaft in the basement of the building was originally about nine feet high, but had subsequently been deepened to the depth of about eleven feet. When the elevator reached the basement, it filled the whole space of the shaft except about fourteen or fifteen inches on its west side, and to reach this clear space, which is spoken of in the evidence as a "ledge," it is necessary to go under the elevator and get on a wall about two feet high, built in the elevator shaft.

The firm of Frank W. Trimble & Brother had the contract for the construction of the apartment house, which they completed, and turned over to the corporation about the first of July, 1903. The elevator shaft in the basement of the building, was enclosed by an iron grill work, which had become rusty and needed repainting, and on the afternoon of September the 8th, 1903, Albert N. Hall, whose occupation was that of a painter, was at work in the basement of the elevator shaft repainting this grill work, and while so engaged was struck by the descending elevator, and received injuries from which, it is alleged, he died on the 3rd day of March, 1904. Harry H. Trimble at the time of the accident was the manager of the Preston Apartment Company, and during the construction of the building he was manager for the firm of Frank W. Trimble & Brother the contractors, "with full authority to employ for them and discharge employees." As the representative of the firm, he had employed Albert N. Hall to work upon the building before its construction. He was the first man put to work upon the building as a painter, and was continued at work up to the day of the accident.

This suit, which was instituted to recover damages for the injuries mentioned, was tried in the Baltimore City Court, and at the conclusion of the plaintiff's case, that Court granted three prayers by which the jury were instructed to find their verdict for the defendant upon the ground—First, that no evidence had been offered legally sufficient to show that the defendants, or any of them had been guilty of negligence; secondly, that the undisputed evidence showed that the deceased had directly contributed to the injury complained of in the

declaration; and thirdly, that there was no evidence offered to show that any contract of employment had been entered into by Albert. N. Hall, deceased, and Frank W. Trimble, John H. Trimble and Harry H. Trimble, or "that he was in the employ by them or any of them, or that he was directed by them or any of them, to go into the elevator shaft of the Preston Apartment Company as set out in the declaration in this cause, and there was therefore no duty resting upon said defendants, or any of them, concerning the action of Albert N. Hall, deceased, in entering said elevator shaft, and therefore no violation of any such duties as are set out in the declaration; therefore the verdict of the jury must be for the defendants." There are ten exceptions presented by the record—nine to the rulings of the Court upon the questions of the admissibility of testimony, and one to the granting of the prayers withdrawing the case from the consideration of the jury.

To recover against the firm of Frank W. Trimble & Brother under the declaration in the case it was incumbent upon the plaintiff to prove to the satisfaction of the jury, (*a*) That Albert N. Hall, the husband of the equitable plaintiff, was injured as alleged, and that the injury resulted in his death; (*b*) That at the time said injury was recived the relation of master and servant existed between said firm and Hall; (*c*) That the injury was inflicted in consequence of the negligence of said defendants. Did the plaintiff offer evidence legally sufficient to prove these propositions? If so the case ought not to have been withdrawn from the consideration of the jury. Was the plaintiff injured by the refusal of the Court to admit the evidence sought to be introduced as appears by the exceptions contained in the record relating to the admissibility of evidence? It is not questioned that the deceased was injured as alleged nor is it contended that his death did not result from the injury. We think there is abundant evidence in the case from which the jury might have found that the injury complained of caused his death.

As to the relation of master and servant: The defendants attempted to avoid responsibility for the injury upon several

grounds, one of which was that Hall at the time of the accident was the servant of the Preston Apartment Company, and not of the defendants, Frank W. Trimble & Brother, and not being in their employ, or under their direction they could not be held responsible for his injuries.    Upon this question the evidence of the defendants, who were called as witnesses by the plaintiff is not very definite, or satisfactory, but it is amply sufficient to have warranted the jury in finding that Hall, when injured, was in the employ of the defendant firm. He had been employed for the firm by Harry H. Trimble, who had full authority on behalf of the firm to employ and discharge workmen.    Harry H. Trimble testified that "Hall was the first man put to painting the building, and the last off, and he was continued right straight through.    He was employed by Frank W. Trimble & Brother and there had been no notice to him, nor understanding by him that he was under the employ of the Apartment Company after the house was turned over to the company."    The relation of master and servant being thus clearly established between the deceased and the firm of Frank W. Trimble & Brother it could not be changed by any undisclosed intention or purpose on the part of Harry H. Trimble to consider Hall an employee of the Apartment Company.    In order to strengthen the contention that Hall was an employee of the Preston Apartment Company at the time he was injured, the defendant testified that after the first of July, 1903, the firm of Frank W. Trimble & Brother paid him no wages; that his wages were paid by the Apartment Company.    To destroy the effect of this evidence it was proper and important for the plaintiff to prove, as she has attempted to do in the offer of testimony under the first and second exceptions, that Trimble & Brother did pay wages to Hall for painting done by him on the building after July first, 1903, or that any money expended for this work by Trimble & Brother was repaid to them by the Apartment Company.    Such evidence would have weakened the position of the defendants, and would have tended to show that Hall was their workman, and not an employee of the Preston

Apartment Company. The Court should have allowed the questions embraced in the first and second exceptions to have been asked and answered.

The third exception is to the refusal of the Court to permit the plaintiff to ask the witness, John H. Trimble, if the defendants did not "carry Casualty Insurance upon this work at the Preston Apartment House." This was a wholly irrelevant inquiry, and the proffered evidence was properly excluded.

The Court fell into a serious error in refusing to allow the witness, Edward Matthews, to answer the questions contained in the fourth and fifth exceptions. These questions were: First, What, if anything, did you hear Mr. Harry H. Trimble say to Mr. A. N. Hall in regard to the elevator? Second, What precautions were taken, if any, by Harry H. Trimble to stop the elevator while Albert N. Hall was at work in the basement of the shaft? Being a suit by a servant against his master negligence of the master was the *gravamen* of the action, and this negligence, if any existed, consisted in the breach of some duty which, under the circumstances of the case, the master owed to the servant. This breach of duty the plaintiff was bound to prove before a recovery could be had. In the very nature of the case this proof must be looked for in the facts and circumstances under which the injury was received. Negligence respecting any act can neither be affirmed, nor denied until the conditions under which the act is done are first ascertained. In the case of the *United Railways Company* v. *Watkins*, 102 Md. 267, it was said by CHIEF JUDGE McSHERRY, "That negligence both primary and contributory, is essentially relative and comparative, and not absolute. Whether it exists or does not exist in a given case, must necessarily depend upon the circumstances of that case. In every instance it must in the last analysis be some breach of duty owed by one person to another; and as the duty, whose breach is relied on as actionable negligence, varies under different conditions, the conditions must be known before negligence can be predicated of any act producing an injury."

It is shown that when the elevator was running to the basement, the place where the deceased was working and where he was injured was a dangerous place. This danger was known to Harry H. Trimble, the representative of the firm of Frank W. Trimble & Brother; he testified "that he considered it dangerous to go in there while the elevator was running," and it is in evidence that he admitted to Mrs. Hall that to place a man under the running elevator was criminal negligence. He denied most positively that he instructed Hall to go in the elevator shaft and paint while he was away at dinner, but on the contrary testified that he had told Hall not to go in the elevator shaft to work. Notwithstanding this testimony two witnesses, Edward Matthews and T. J. Ryland testified that before Trimble went to lunch on the day of the accident they heard him tell Hall to go inside the elevator shaft and paint the cage.

In the case of the *B. & O. R. R. Co.* v. *State, use of Abbott,* 75 Md. 160, this Court cited with approval the rule declared in the case of *Woodley* v. *Metro. Dist. Railway Company,* 2 Ex. Div. on Appeal 384, that one who "enters on a necessarily dangerous employment with his eyes open takes it with its accompanying risks. On the other hand, if the danger is concealed from him and an accident happens before he becomes aware of it, or if he is led to expect, or may reasonably expect, that proper precautions will be adopted by the employer to prevent or lessen the danger, and from the want of such precautions an accident happens to him before he becomes aware of their absence, he may hold the employer liable." It was, therefore, of the utmost importance to know all the facts and circumstances under which Hall entered this elevator shaft. What was said to him by Trimble in regard to the elevator, and what precautions were taken by Trimble to protect him whilst at work in the shaft were matters which bore directly upon the questions of the defendant's alleged negligence.

The sixth, seventh and eighth exceptions relate to the refusal of the Court to admit in evidence three records of the

Baltimore City Hospital, or to allow Dr. A. W. Deal to testify as to certain facts connected with the keeping of those records. The purpose of introducing in evidence the entries in these records was to show that Albert N. Hall had been treated in the hospital on the 14th, 19th and 25th days of September, 1903. It was shown, and not denied, that he had been treated at the City Hospital for the injuries complained of. That he was treated on the particular days mentioned does not appear to have been a matter of any consequence and, therefore, the plaintiff had no good reason to complain of the rulings embraced in these exceptions. But had the evidence been material and relevant to the issue, the proper foundation had not been laid for its admission. When the entries were made, or by whom does not appear. They were supposed to have been made by Dr. Boyles, who was not produced at the trial, whose evidence was not taken under a commission, who is not shown to have been on duty at the hospital on the days mentioned, and that it was not proved that the entries were in his handwriting. Under such circumstances the records were not admissible. *Reynolds, Admin'r, v. Manning,* 15 Md. 523; *Weaver v. Leiman,* 52 Md. 721.

The plaintiff was not injured by the ruling which constitutes the 9th exception. The facts sought to be established were subsequently testified to by the witness with great fullness and particularity. Assuming, without so deciding, that the record contains no evidence legally sufficient to have taken the case to the jury upon the question of the defendant's negligence, the error committed by the Court in excluding the evidence contained in the first, second, fourth and fifth exceptions precluded the approval of the defendant's prayers. It follows from what we have said that for errors committed in the first, second, fourth and fifth exceptions and in granting the appellee's three prayers the judgment must be reversed, and a new trial awarded.

> *Judgment reversed with costs above and below, and new trial awarded.*