OPINION OF THE COURT
Alexander Berman, J.
Plaintiff, Insurance Company of North America, brought this action seeking a declaratory judgment to the effect that it is not obligated to provide coverage or even a defense for the infant defendant, Stacey Shurigan, in connection with an action brought against her, arising out of an incident, which occurred on or about April 29, 1975.
The parties stipulated to an agreed statement of facts which reveals the following: That on April 29, 1975, at the school yard of a public school, Stacey Shurigan, then six years of age, became involved in an incident with one Seth Shore, another infant of about the same age. Stacey informed her mother *453 later that same day that she pushed Seth in defending herself from being pushed by him. Upon learning of the incident, Stacey’s mother telephoned the school, which would not give any information regarding the injured, Seth Shore. A week or so later, she did make telephone contact with Seth’s mother, and learned that the latter intended to sue the school and did not suggest nor believe that Stacey was responsible nor that any claim would be made 'against Stacey. Subsequently, a summons and complaint were served upon Stacey and her father on January 16, 1976, and on the following day, Stacey’s mother reported the incident to the plaintiff, the carrier of their household liability policy.
In support of its disclaimer, plaintiff contends (a) that the complaint alleges a cause of action that is not covered under the policy; and (b) that the notice of the incident given by the insured parents to plaintiff was not timely.
The homeowners’ policy in question contains the following exclusion: "Bodily injury or property damage which is either excepted or intended from the standpoint of the insured.”
The complaint in the action by Seth Shore sets forth two causes of action. The first is against the School District alleging, inter alia, negligence in failing to provide supervision, permitting a dangerous condition to exist relating to a fence against which the plaintiff, Seth Shore, was pushed by Stacey, and generally in failing to provide adequate safeguards for the infant plaintiff. The second cause of action brought in behalf of Seth against Stacey alleges that the latter "wilfully, wantonly, maliciously and recklessly assaulted the injured, Seth Shore.” In veiw of this allegation, plaintiff herein contends that such a willful and intentional assault is not covered by its policy and is within the exclusion thereof.
It is difficult to conceive a six-year-old child being guilty of "wilfully, wantonly, maliciously, and recklessly” assaulting another. I doubt that a child of that tender age is capable of such willfulness. This lack of capability is recognized, in some measure, in the Family Court Act (§ 712) which limits juvenile delinquency responsibility to a child who has at least attained the age of seven years. In my opinion, insurance coverage should be afforded regardless of the semantics of the complaint. I hold that any act committed by this child, six years of age, cannot be considered to be within the exclusionary language set forth in the policy. Furthermore, the theory of the complaint is capable of change at any time prior to trial. *454 The trial court, in the principal action, may disregard the extravagant allegation of willfulness and permit a change of theory of action upon motion of plaintiff, or sua sponte.
"We observe first that the rigid 'theory of the pleadings’ doctrine no longer survives in the Civil Practice Law and Rules (CPLR 3013; cf. Lane v. Mercury Record Corp., 21 A D 2d 602, affd. 18 N Y 2d 889; Catli v. Lindenman, 40 A D 2d 714; Lewis v. Village of Deposit, 40 A D 2d 730).” (Jerry v Borden Co., 45 AD2d 344, 346-347.)
"At this stage, prior to trial of the main action, where it may be found that there is any theory alleged in the complaint which would result in liability of the insured covered by the policy, the insurer should be called upon to defend the action.” (Cooperative Fire Ins. Co. of Catskill, N. Y. v Vondrak, 74 Misc 2d 916, 920; emphasis supplied.)
" 'It is enough now that a pleader state the facts making out a cause of action, and it matters not whether he gives a name to the cause of action at all or even that he gives it a wrong name. If this be true of the cause of action itself, it is certainly true of the ground underlying it.’ (Diemer v. Diemer, supra, p. 212.) [8 NY2d 206.]
"The propriety of the conclusion reached by us in the above-quoted decision 'is buttressed by the long-standing practice in New York of sustaining a complaint against a motion to dismiss if any cause of action could be derived from its allegations by implication or through liberal construction’ (3 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 3013.05; emphasis added).” (Van Gaasbeck v Webatuck Cent. School Dist. No. 1, 21 NY2d 239, 245.)
As to the failure to give prompt notice of the incident it is my determination that under the circumstances of this case, even though there was a lapse of more than seven months from the date of the incident to the date of notification to plaintiff, such failure to apprise the plaintiff sooner cannot be construed as being untimely, especially in the absence of any showing of prejudice. An average parent would not realistically be expected to know that his six-year-old child could or would be sued for an injury during an altercation with another child of the nature described in the pleadings and in the agreed statement of facts, especially where, as here, the mother of the child alleged to have been injured, informed the other parent that she was contemplating suing only the school district and never intimated that she intended to sue the *455 latter’s child. It is unreasonable to expect that a parent under such circumstances would even think of notifying his homeowners’ insurance company. The delay in notifying plaintiff is excusable under these circumstances. " Tt would be an unusual man who would regard himself as bound to report an accident he had observed or heard about unless there was about it something which might render him liable.’ ” (875 Forest Ave. Corp. v Aetna Cas. & Sur. Co., 37 AD2d 11, 12-13.)
Accordingly, I hold that the infant defendant, Stacey Shurigan, is covered by the homeowners’ policy referred to in the pleadings; that plaintiff is not only required to defend the action being brought against her but also that it shall be obligated to pay any judgment which may be recovered against her to the extent of the policy limits.
There remains the question of whether defendants, Stacey Shurigan and her father, are entitled to recover counsel fees in connection with the defense of this declaratory judgment action. It has long been the general rule that no counsel fees should be awarded in connection with legal proceedings relating to the contest as to coverage between the insured and the insurance company. I conclude that the defendants are not entitled under these circumstances to counsel fees. (Mighty Midgets v Centennial Ins. Co., 62 AD2d 1014.)