**STATE FARM FIRE AND CASUALTY COMPANY, Appellant,**

v.

**Monna Lou TAYLOR, et al., Appellees.**

No. 2–85–166–CV.

Court of Appeals of Texas, Fort Worth.

April 9, 1986.

Joseph W. Stewart, P.C., Joseph W. Stewart, Janet K. Colaneri, Arlington, for appellant.

Law Offices of Jenks Garrett, Jenks Garrett, Arlington, and Longley & Maxwell, Joe K. Longley, Mark L. Kincaid, Austin, for appellees.

Before FENDER, C.J., and HOPKINS and ASHWORTH, JJ.

OPINION

FENDER, Chief Justice.

This is an appeal from an order striking appellant, State Farm's, intervention in a suit for wrongful death.

We affirm.

A short statement of the facts and procedural history is necessary.

During a heated and vigorous difference of opinion (a full description of which is not necessary to this opinion) one Larry Pat Anglin caused the discharge of a firearm. The result of such discharge was the death of Herman Taylor. The children and widow of the late Mr. Taylor filed suit against Anglin, alleging that Mr. Taylor's injuries and death were the result of Anglin's negligence. Anglin called upon the appellant insurance company to defend such suit because of a homeowner's policy issued to him and paid for by him (and also to pay any judgment ensuing therefrom up to the stated limits in said policy). This insurance policy, while covering negligent acts of its insured, specifically excluded coverage for intentional acts.

The insurer discharged its obligation in a proper manner by providing competent, independent counsel who joined issue on the negligence assertions and did conduct the trial on behalf of Anglin.

Prior to trial the insurance company filed an intervention in the lawsuit, claiming the right to do so as a means of advancing its claim that Anglin had intentionally (and thus not negligently) brought about the demise of Mr. Taylor. The insurer sought a severance of this intervention and requested trial of same prior to the main trial. A severance was sought because the insurer was sure that counsel for the children and widow would not bring up "inten-

tional" acts as such would defeat their recovery on the policy under negligence and also that counsel for Anglin could not bring up "intentional" acts as such would be inimical to his client's interest by defeating the insurance coverage upon which he depended to pay the loss (if any) resulting from the litigation.

Upon motion by the plaintiffs to strike the intervention the trial court removed the insurer from the lawsuit. Trial ensued and plaintiffs were granted judgment for over $300,000.00 based on the negligent act or acts of Anglin. The insurer now appeals from the ruling of the trial court striking the intervention (and thereby refusing to sever the insurer's claim and to grant a preliminary trial testing the right of the insured to receive benefits under the policy).

Appellant insurer admits in its brief that the current statutory and decisional law absolutely support the action of the trial court in striking it as intervenor. The insurance company nevertheless prays this court to overrule such precedent on the broad constitutional ground that it has somehow been denied access to the courts and thereby due process of law.

Appellant has cited a number of cases on collateral issues in the general field of open courts and the rights of a person or corporation to defend against liability. A careful examination of these authorities leads to the conclusion that appellant feels that it just "ain't fair," but no firm lawful basis is established for this court to fly into the teeth of all settled legal precedent. It would appear that only legislative relief could change this outcome. This court is not authorized to legislate.

The judgment of the trial court is affirmed.