572 A.2d 154

ALLSTATE INSURANCE COMPANY

v.

John ATWOOD et al.

No. 84, Sept. Term, 1987.

Court of Appeals of Maryland.

April 12, 1990.

Motion for Reconsideration Denied May 25, 1990.

Charles E. Wilson, Jr. (Thomas Patrick Ryan and McCarthy, Wilson & Ethridge, on the brief), Rockville, for appellant.

Alan S. Feld (Bulman, Dunie, Burke & Feld, on the brief), Bethesda, for appellee.

American Insurance Association by J. Snowden Stanley, Jr., E. Charles Dann, Jr. and Semmes, Bowen & Semmes, on the brief), Baltimore, amicus curiae.

Argued before MURPHY, C.J., ELDRIDGE, COLE, RODOWSKY, McAULIFFE, ADKINS and BLACKWELL *, JJ.

ELDRIDGE, Judge.

In *Brohawn v. Transamerica Ins. Co.*, 276 Md. 396, 347 A.2d 842 (1975), this Court held that an insurer, prior to trial of a tort suit against its insured, ordinarily could not obtain a declaratory judgment concerning policy coverage, where the coverage issue was essentially the same as an issue to be decided in the pending tort case. This case presents the question of when an insurer may litigate this type of coverage issue.

### I.

The relevant facts may be briefly stated. The father of Raymond F. Dacek, III brought a tort suit, individually and as the father of Raymond, in the Circuit Court for Montgomery County, alleging that the defendant John Atwood, a minor, caused serious injury to Raymond's face. The complaint contained alternative counts based on negligence and battery.

At the time of the alleged injury, John Atwood lived with his parents who had a homeowner's insurance policy with Allstate Insurance Company that provided, in pertinent part, as follows:

"[Allstate] will pay all sums arising from the same loss which an insured person becomes legally obligated to pay

---

* BLACKWELL, J., now retired, participated in the hearing and conference of this case while an active member of this Court but did not participate in the decision and adoption of this opinion.

as damages because of bodily injury or property damage covered by this part of the policy."

The policy, however, contained an exclusion for "bodily injury ... intentionally caused by an insured person." John Atwood was an insured under the policy.

Before the tort suit came to trial, Allstate filed a declaratory judgment action, seeking a declaration that the insured's act was intentional and therefore excluded from coverage. The circuit court dismissed the action, without prejudice, stating that a decision on the issue was premature and citing this Court's decision in *Brohawn v. Transamerica Ins. Co., supra,* 276 Md. 396, 347 A.2d 842. Allstate did not appeal from that dismissal.

The tort suit subsequently went to trial. After the presentation of evidence, the case was submitted to the jury on alternative grounds; the jury found for the plaintiffs on the negligence count.[1] Judgment was entered in the tort case in accordance with the jury's verdict, and no appeal was taken in that case.

Thirteen days after the entry of judgment in the tort case, Allstate began the present proceeding by bringing a separate declaratory judgment action in the Circuit Court for Montgomery County, naming Atwood and Dacek as defendants, and seeking the same declaration which it had earlier sought. Both Atwood and Dacek moved to dismiss the declaratory judgment action, arguing that Allstate was bound by the jury's determination of negligence. The cir-

---

1. The jury returned a verdict sheet, which stated as follows:
   "VERDICT SHEET
   "1. For whom do you find?
   "The Plaintiffs, Raymond F. Dacek and Raymond F. Dacek, III <u>we find for the plaintiffs</u> OR the Defendant _____
   "2. If you find for the Plaintiffs, under which theory do you find the Defendant liable?
   "Battery ____ OR Negligence <u>negligence</u>
   "3. In what amount do you find for Raymond F. Dacek?
   "<u>$3007.00</u>
   "4. In what amount do you find for Raymond F. Dacek, III?
   "<u>$24,000.00</u>"

cuit court dismissed the action, and Allstate appealed to the Court of Special Appeals.

Both in the circuit court and in the Court of Special Appeals, Allstate argued that the principles set forth in this Court's opinion in *Brohawn v. Transamerica Ins. Co., supra,* did not preclude Allstate from bringing, after the tort suit, this declaratory judgment action in which Allstate could litigate whether the injury was caused by an intentional action. The Court of Special Appeals rejected Allstate's argument and affirmed. *Allstate Ins. Co. v. Atwood,* 71 Md.App. 107, 523 A.2d 1066 (1987). The intermediate appellate court concluded that the decision in *Brohawn v. Transamerica Ins. Co., supra,* permitted an insurance company to intervene as a party in the tort action. The court thus stated (71 Md.App. at 111–112, 523 A.2d at 1068):

"What seems to have been overlooked by Allstate in its reading of *Brohawn* is the Court's suggestion that, in the event of a conflict of interest, independent counsel be sought for the insured. 276 Md. at 414, 347 A.2d at 854. Implicit in that suggestion is the inference that the insurer might also be represented at trial so as to protect its interest."

The court went on to state that, because Allstate had not intervened as a party in the tort action, Allstate was bound by the jury's determination that the injury was caused by negligence rather than battery.

Thereafter we granted Allstate's petition for a writ of certiorari.

## II.

Preliminarily, we believe that it would be useful to review briefly the scope of our opinion in *Brohawn v. Transamerica Ins. Co., supra,* as it relates to litigating a question of insurance coverage prior to the trial of a pending tort case.

This Court stated in *Brohawn* that a declaratory judgment action, prior to the trial of a pending tort action, would ordinarily be appropriate in certain instances to resolve questions of policy coverage, "where those questions are independent and separable from the claims asserted in a pending suit by an injured third party." 276 Md. at 405, 347 A.2d at 848. Examples include contentions that the insured failed to comply with contractual cooperation or notification provisions, or failed to pay premiums. *Ibid.* *See Northern Assurance Co. v. EDP Floors,* 311 Md. 217, 223, 225–226, 533 A.2d 682 (1987) (interpretation of an exclusion in an insurance policy); *St. Paul Fire & Mar. Ins. v. Pryseski,* 292 Md. 187, 438 A.2d 282 (1981) (interpretation of coverage language in policy); *Truck Ins. Exch. v. Marks Rentals,* 288 Md. 428, 430–431, 418 A.2d 1187, 1188–1189 (1980) (interpretation of language of endorsement extending insurance coverage to insured); *Bankers & Ship. Ins. v. Electro Enter.,* 287 Md. 641, 644–645, 415 A.2d 278, 280–281 (1980) (interpretation of policy exclusion denying coverage when insured airplane was not operated by two named pilots). In the present case, as in *Brohawn,* however, the issue to be resolved in the declaratory judgment proceeding is the same as an issue in the tort action. The issue presented in both proceedings is whether Atwood intentionally struck Dacek III or negligently injured him. As was the case in *Brohawn,* a pre-tort trial declaratory judgment would ordinarily be inappropriate under these circumstances.[2]

Allstate argues that where the insured's conduct raises an insurance coverage issue which is the same as an issue presented in a pending tort suit, the *Brohawn* prohibition against use of a pre-tort trial declaratory judgment action to resolve the coverage dispute has led to collusion between

---

2. For detailed discussions of when coverage issues are and are not separate and independent from the issues in pending tort suits, *see St. Paul Fire & Mar. Ins. v. Pryseski,* 292 Md. 187, 438 A.2d 282 (1981); Janquitto, *Insurer's Duty to Defend in Maryland,* 18 U.Balt.L.Rev. 1, 6–22 (1988).

plaintiffs' and defendants' counsel in tort cases. Allstate claims that, in order to manipulate insurance coverage, plaintiffs' attorneys bring suits for "negligent rape, negligent sodomy, ... and negligent sexual molestation." (Petitioner's Brief at p. 15). Allstate describes the following scenario (*ibid.*): "The carrier, obligated to defend, and the defense attorney, obligated to protect his client's best interests, [are] forced to settle these claims or face trial where all parties' interests [are] best served only if a jury return[s] a verdict finding that even the most obvious and blatant criminal and/or intentional acts were ... negligent conduct."

Although *Brohawn* generally prohibits declaratory judgments, before the trials of pending tort suits, to resolve issues presented in the tort actions, *Brohawn* did not hold that this prohibition is absolute. Where the allegations in the tort suit against the insured obviously constitute a patent attempt to recharacterize, as negligent, an act that is clearly intentional, we believe that a declaratory judgment action prior to the trial of the tort case is permissible.

The Supreme Court of Colorado, in *Troelstrup v. District Court*, 712 P.2d 1010 (Colo.1986), addressed a similar issue. In an earlier opinion, *Hartford Ins. Group v. District Court*, 625 P.2d 1013, 1016 (Colo.1981), the Colorado Supreme Court, with respect to the use of pre-tort trial declaratory judgments, had reached a conclusion like that reached by this Court in *Brohawn*. In *Hartford Ins. Group*, however, in generally prohibiting the use of pre-tort trial declaratory judgment actions, the Colorado Supreme Court observed (625 P.2d at 1017): "This is not a case in which the tort action against the insured is based on conduct that is patently outside the terms of the insurance contract." In *Troelstrup*, the tort plaintiff alleged that the insured had committed, in effect, a "negligent" sexual assault upon the plaintiff. The Colorado Court held that in situations where "the nature and character of the act is such that the intent to inflict injury may be inferred as a matter of law," a declaratory judgment action before the tort trial is appropri-

ate. 712 P.2d at 1013. To the same effect is *Western Nat. Assur. Co. v. Hecker,* 43 Wash.App. 816, 719 P.2d 954 (1986), also involving an alleged "negligent" sexual assault.

For cases addressing when an intent to injure may be inferred as a matter of law, *see, e.g., Transamerica Ins. Group v. Meere,* 143 Ariz. 351, 359–360, 694 P.2d 181, 189–190 (1984) (if defendant acted in self-defense, "with no basic purpose to injure, the exclusion will not apply.... If ... [the defendant] acted in self-defense ..., but negligently used force greater than necessary ... [the conduct] is ... within the coverage of the policy and not within the exclusion"); *Globe American Cas. Co. v. Lyons,* 131 Ariz. 337, 340, 641 P.2d 251, 254 (App.1981) (insured suffering from "mental derangement which deprived her of her capacity to act in accordance with reason" did not as a matter of law act intentionally within the meaning of the exclusion); *Allstate Ins. Co. v. Kim W.,* 160 Cal.App.3d 326, 331–332, 206 Cal.Rptr. 609, 612–613 (1984) (sexual assault is an intentional act as a matter of law); *Allstate Ins. Co. v. Novak,* 210 Neb. 184, 192–193, 313 N.W.2d 636, 640–641 (1981) (act committed in self-defense not an expected or intended act); *State Farm Fire and Cas. Co. v. Williams,* 355 N.W.2d 421, 425 (Minn.1984); *Ruvolo v. American Cas. Co.,* 39 N.J. 490, 498, 189 A.2d 204, 209 (1963); *Insurance Co. of North America v. Shore,* 94 Misc.2d 451, 453, 404 N.Y.S.2d 807, 809 (1978); *Grange Ins. Ass'n v. Authier,* 45 Wash.App. 383, 725 P.2d 642 (1986), *review denied,* 107 Wash.2d 1024 (1987).

We agree with the Supreme Court of Colorado that, when an intent to injure may be inferred as a matter of law, a pre-tort trial declaratory judgment action may be an appropriate proceeding in which to resolve the coverage issue. We caution, however, that declaratory judgments in advance of tort trials, to resolve issues presented in pending tort cases, should be rare. It is only where the alleged conduct of the insured as to one or more of the claims made "is patently outside the terms of the insurance contract" (*Hartford Ins. Group v. District Court, supra,* 625 P.2d at

1017), and "as a matter of law" is excluded from the policy, that a pre-tort trial declaratory judgment should be rendered. The normal rule is the one set forth in *Brohawn v. Transamerica Ins. Co., supra,* namely that a pre-tort trial declaratory judgment action, to resolve an issue presented in the pending tort case, is prohibited. In light of the policy considerations underlying the *Brohawn* rule, and discussed in the *Brohawn* opinion, any doubt as to whether a particular case falls within the narrow exception here recognized should be resolved in favor of dismissing the declaratory judgment action and allowing the issue to be resolved in the pending tort case.

■ Moreover, even when an insurer is convinced that the insured's alleged tortious conduct is patently excluded from the coverage, the insurer is not required to bring a pre-tort trial declaratory judgment action in order to preserve the insurer's position. Because declaratory judgment actions in advance of the tort trials should not be encouraged, the insurer's failure to bring such a declaratory judgment action, or to take an appeal from the dismissal of such an action without a declaration, will not operate as an estoppel or a waiver against the insurer. The insurer will still be able to litigate the matter in accordance with Parts IV and V of this opinion.

In the instant case, we have no occasion to examine the plaintiff Dacek's allegations in the tort complaint to determine whether Atwood's alleged "negligent" conduct was patently outside the insurance coverage and was intentional as a matter of law. This is not an appeal from the dismissal of Allstate's pre-tort trial declaratory judgment action, and, as previously mentioned, Allstate took no appeal from the dismissal of that action.

### III.

In holding that *Brohawn v. Transamerica Ins. Co., supra,* requires that an insurance company intervene in the tort trial itself, and that if it fails to do so it is always bound

by the judgment in the tort case, the Court of Special Appeals mis-read the *Brohawn* opinion. Moreover, the intermediate appellate court overlooked some of the policy considerations underlying our decision in that case.

Preliminarily, we point out that nowhere in the *Brohawn* opinion is there any statement or intimation that the insurer might become a party at the trial of the tort case. The Court of Special Appeals found an "inference" that the insurer could be a party at the tort trial from the holding in the *Brohawn* opinion that, because of the conflict of interest, the insurer might be required to provide independent counsel for the insured. The statement in *Brohawn* concerning the duty of the insurer to provide independent counsel because of a conflict of interest related solely to the insurer's contractual undertaking to provide its insured with a defense if the tort plaintiff alleged a claim potentially covered by the policy. We pointed out in *Brohawn* that the existence of a conflict of interest between the insured and the insurer was not a contractual exception to the insurer's duties under the policy and thus did not relieve the insurer of its contractual obligations. *Brohawn v. Transamerica Ins. Co., supra,* 276 Md. at 407–415, 347 A.2d at 850–854. The holding in *Brohawn* concerning the duty of the insurance company to pay for independent counsel for its insured in the conflict of interest situation was because of the insurance company's agreement to provide a defense. 276 Md. at 414–415, 347 A.2d at 854. There was no suggestion that the insurer could also intervene. The only course of action for the insurer, which was suggested in the *Brohawn* opinion, was that "the insurer, in drafting the policy, could have included a provision limiting its duty to defend the insured when a conflict of interests arises," 276 Md. at 410, 347 A.2d at 851.

The initial question discussed in the *Brohawn* case related to the propriety of allowing the insurer to obtain a declaratory judgment, prior to the tort trial, regarding an issue presented in the tort trial. We emphasized in *Brohawn* that, in determining whether to allow the pre-tort

trial declaratory judgment action, the inconvenience to or burden on the parties must be considered. 276 Md. at 406, 347 A.2d at 849. This Court pointed out that, if the pre-tort trial declaratory judgment proceeding were allowed, the insured would suffer great prejudice: not only would she have to defend against the plaintiff but also against the insurer. The Court thus stated 276 Md. at 406–407, 347 A.2d at 849–850):

"Allowing Transamerica to litigate the question of whether any injuries were intentionally inflicted would permit it, and not ... the plaintiffs in the tort suits, to control the litigation. Transamerica would assume the burden of establishing not only that ... [the plaintiffs] were in fact injured but also that they were injured intentionally, exposing its insured Mrs. Brohawn to potential punitive damages. And Mrs. Brohawn would be forced not only to defend against the allegations of ... [the plaintiffs], but also against the vast resources and expertise of her insurer who would be trying to prove that which was its contractual duty to disprove.

"... The essential unfairness to ... [the plaintiffs] of allowing Transamerica to prosecute their case, and the harsh burden of forcing Mrs. Brohawn to defend against a third plaintiff, far outweigh any possible advantages advanced by Transamerica in support of granting declaratory relief."

The above-discussed considerations are equally applicable in the present case. Requiring or permitting the insurance company to be a party litigant during the tort trial would lead to the same types of problems that concerned this Court in *Brohawn*. The insured would have to defend against the resources of both the insurer and the tort plaintiff.

Moreover, insurance company intervention in tort trials would be tantamount to authorizing direct actions by plaintiffs against defendants' liability insurers. Maryland law generally precludes such direct actions. *See, e.g., Reese v. State Farm Mut. Auto. Ins.*, 285 Md. 548, 552, 403 A.2d

1229, 1231 (1979); *Belcher v. Gov't Employees Ins. Co.*, 282 Md. 718, 726, 387 A.2d 770, 775 (1978); *State v. Arundel Park Corp.*, 218 Md. 484, 487, 147 A.2d 427, 428 (1959); *Gorman v. St. Paul Fire Ins. Co.*, 210 Md. 1, 7, 121 A.2d 812, 816 (1956).

In addition, at the trial of a tort case, Maryland law ordinarily prohibits evidence or even mention in front of the jury that the defendant has insurance. *See, e.g., Jones v. Federal Paper Bd. Co.*, 252 Md. 475, 494, 250 A.2d 653, 664 (1969); *Snowhite v. State, Use of Tennant*, 243 Md. 291, 301–302, 221 A.2d 342, 348 (1966); *International Co. v. Clark*, 147 Md. 34, 42–43, 127 A. 647, 650–651 (1925); *Hall v. Trimble*, 104 Md. 317, 322, 64 A. 1026 (1906); L. McLain, *Maryland Evidence*, § 411.1 (1987); J. Murphy, *Maryland Evidence Handbook*, § 514 (1989).

Consequently, the policy of the law is firmly against the injection in tort trials of liability insurance. The matter of liability insurance is irrelevant to the issue of the defendant's liability and is highly prejudicial. The Court of Special Appeals' holding in the present case is directly contrary to these principles.

█ For the reasons set forth above, as well as other reasons, the overwhelming majority of cases have held, in the conflict of interest situation presented by this case, that it is inappropriate for the insurer to intervene in the trial of the tort suit against its insured. *See, e.g., Restor-a–Dent Dental Lab. v. Certified Alloy Prod.*, 725 F.2d 871, 874–876 (2d Cir.1984); *United States Fidelity & Guar. Co. v. Adams*, 485 So.2d 720, 722 (Ala.1986); *Corridan v. Rose*, 137 Cal.App.2d 524, 531, 290 P.2d 939, 943 (1955) ("the intervention interjected insurance in the damage action, a result to be avoided"); *Employers Insurance of Wausau v. Lavender*, 506 So.2d 1166, 1167 (Fla.App.1987) ("since [the insurer] sought to intervene *before* the return of the main verdict, we affirm the trial court's denial of that motion"); *Cromer v. Sefton*, 471 N.E.2d 700, 704 (Ind.App.1984) ("To permit intervention by the insurer to litigate coverage in the

principal tort case against its insured would distract the trier"); *Donna C. v. Kalamaras*, 485 A.2d 222, 225 (Me. 1984) (insurer intervention "raises serious questions of conflict of interest"); *State ex rel. Mid.–Century Ins. Co. v. McKelvey*, 666 S.W.2d 457, 459 (Mo.App.1984) (the "defense would be encumbered by the overhanging issue of policy coverage"); *Kaczmarek v. Shoffstall*, 119 A.D.2d 1001, 1002, 500 N.Y.S.2d 902, 903 (1986); *Strickland v. Hughes*, 273 N.C. 481, 489, 160 S.E.2d 313, 317 (1968) ("plaintiff initially has no right to maintain an action against [the insurer]. He can do so only after the liability of [the defendant] to plaintiff has been determined by judgment"); *Brune v. McDonald*, 158 Or. 364, 371, 75 P.2d 10, 14 (1938); *State Farm Fire and Casualty Co. v. Taylor*, 706 S.W.2d 352 (Tex.Ct.App.1986). *See also State Farm Mutual Auto. Ins. Co. v. Superior Court*, 47 Cal.2d 428, 432, 304 P.2d 13, 15 (1956) ("The fact of [the defendant's] liability insurance would thus be disclosed to the jury which would be determining the issues involved in the personal injury actions, a circumstance which is generally held a matter of prejudice").

Therefore, the Court of Special Appeals erred in holding that Allstate could have intervened in the tort case prior to the jury's verdict, and that, because of its failure to intervene, Allstate is bound by the jury's determination.

## IV.

If a liability insurer may not ordinarily litigate before the tort trial a coverage issue which is essentially the same as an issue presented in the tort suit against its insured, and if it may not intervene as a party at the trial of the tort case, the next question is whether, and to what extent, an insurer is entitled to litigate the issue after the jury's verdict in the tort case (or, in a court trial, after the judge's decision). In other words, where the verdict or decision in the tort case resolves the issue in a manner which results in the presence of insurance coverage, is the insurer invariably bound by that resolution?

As a general matter, a liability insurer is bound by the finding in a tort action against its insured that the insured was liable due to negligence. *See, e.g., Travelers Insur. Co. v. Godsey,* 260 Md. 669, 675, 273 A.2d 431 (1971) (the "contention that [the insurer] is bound by the judgment's establishment that [the insured] was negligent and [the plaintiff] not negligent is sound ...");  *Bonfils v. Pacific Auto. Ins. Co.,* 165 Cal.App.2d 152, 159–161, 331 P.2d 766 (1958); *Medeiros v. First Insurance Company of Hawaii,* 50 Hawaii 401, 441 P.2d 341, 344 (1968); *Miller v. United States Fidelity & Guar. Co.,* 291 Mass. 445, 448–449, 197 N.E. 75 (1935); *Jackson v. Casualty Co.,* 212 N.C. 546, 548, 193 S.E. 703 (1937); *Dally v. Pennsylvania Thresher. & F. Mut. Cas. Ins. Co.,* 374 Pa. 476, 97 A.2d 795, 796 (1953). Some cases base the holding that the insurer is bound by the findings in the tort case on the theory that the insurer is in privity with its insured and, therefore, is bound under principles of collateral estoppel. *See, e.g., Travelers Insur. Co. v. Godsey, supra,* 260 Md. at 675–677, 273 A.2d at 435–436; *Medeiros v. First Insurance Company of Hawaii, supra,* 50 Hawaii at 403–404, 441 P.2d at 344; *Patrons Mut. Ins. Ass'n v. Harmon,* 240 Kan. 707, 732 P.2d 741, 744 (1987); *Mid–Century Ins. Co. v. Varos,* 96 N.M. 572, 632 P.2d 1210, 1213 (App.1981); *Dally v. Pennsylvania Thresher. & F. Mut. Cas. Ins. Co., supra,* 374 Pa. at 478–479, 97 A.2d at 796; *Greene v. St. Paul–Mercury Etc.,* 51 Wash.2d 569, 572, 320 P.2d 311 (1958). At other times the insurer's contractual undertaking under the language of the policy is emphasized as a basis for holding that the insurer is bound. *See, e.g., Miller v. United States Fidelity & Guar. Co., supra,* 291 Mass. at 448, 197 N.E. at 77; *Dally v. Pennsylvania Thresher. & F. Mut. Cas. Ins. Co., supra,* 374 Pa. at 478, 97 A.2d at 796. In the normal case, and under the typical liability policy language, either theory would appear to lead to the same result.

Moreover, as explained in *Brohawn v. Transamerica Ins. Co., supra,* 276 Md. at 408–410, 347 A.2d at 850–851, the obligation of the insurer is basically determined by the

language of the insurance policy, and the language of the typical liability policy contains no exception to coverage when a conflict of interest arises between the insurer and the insured. The policy in the instant case obligated Allstate to pay the sums "which an insured person becomes *legally obligated to pay* as damages because of a bodily injury" resulting from negligence but not from an intentional act. (Emphasis added). Where there is a tort suit against the insured, the damages which the insured is "legally obligated to pay," within the meaning of the coverage language, are those determined by the judgment in or settlement of the tort action. *See, e.g., Mut Fire, Marine & Inland Ins. v. Vollmer,* 306 Md. 243, 250, 508 A.2d 130 (1986); *U.S.F. & G. v. Nat. Pav. Co.,* 228 Md. 40, 48–49, 178 A.2d 872 (1962); *Alaska Nat. Ins. v. Industrial Indem.,* 757 P.2d 1052, 1054 (Alaska 1988); *Intern. Surplus Lines v. Devonshire Coverage,* 93 Cal.App.3d 601, 611, 155 Cal. Rptr. 870, 875 (1979); *Miller v. United States Fidelity & Guar. Co., supra,* 291 Mass. at 448, 197 N.E. at 77; *Bacon v. American Insurance Company,* 131 N.J.Super. 450, 330 A.2d 389, 393 (1974), *aff'd,* 138 N.J.Super. 550, 351 A.2d 771 (1976); *Koehring Co. v. American Mut. Liab. Ins. Co.,* 564 F.Supp. 303, 312 (E.D.Wis.1983). In the present case, the judgment in the tort case determined that the insured was legally obligated to pay $27,007.00 because of negligence. Allstate had received premiums for its contractual undertaking to pay this sum. And, as pointed out above, there was no exception in the contract for a conflict of interest. Thus, as a contractual matter, Allstate would normally be bound by the judgment in the tort case.

Allstate does not disagree that ordinarily an insurer is bound by the determinations made in the tort suit against its insured. At oral argument before this Court, Allstate took the position that, in the conflict of interest situation presented in *Brohawn* and in this case, the insurer should be bound by the tort action's resolution of the intentional/negligence issue if, but only if, that issue was fairly litigated in the tort trial. We agree.

In our view, the insurer should be able to bring a post-tort trial declaratory judgment action where the conflict of interest situation exists. The trial judge in that declaratory judgment action would first determine, as a legal matter, whether the issue, which was resolved in the tort trial and which determines insurance coverage, was fairly litigated in the tort trial. If the declaratory judgment judge decides that the issue was fairly litigated in the tort trial, there should be no relitigation of that issue in the declaratory judgment action. Instead, a final judgment would be entered in the declaratory judgment action declaring that the issue was fairly litigated in the tort trial and that the insurer is bound by the outcome of the tort case against its insured. On the other hand, if the judge in the declaratory judgment action determines that the issue was not fairly litigated in the tort trial, then the insurer should be permitted to relitigate the matter in the declaratory judgment action.

This limited declaratory judgment proceeding, with which Allstate at oral argument appeared to agree, is reasonable. If in a case like *Brohawn* the intentional/negligence issue was fairly litigated in the tort trial, and it was determined that the insured's negligence caused the plaintiff's injury, there is no sound reason to relieve an insurer of its contractual undertaking to pay all sums which its insured became "legally obligated to pay as damages because of bodily injury" caused by negligence.

Where, however, the issue was not fairly litigated in the tort trial, considerations of public policy and fairness militate against holding that the insurer is bound by the outcome of the tort case. When, at the tort trial, there is nondisclosure of the actual facts, in an obvious effort to bring within insurance coverage a matter which is outside of that coverage, public policy is clearly offended. To take any other position would be to promote fraud and collusion. If the effect of the tactics of both sides in a tort trial, which is supposed to be an adversarial undertaking, is to cooperate in persuading a jury that intentional wrongful conduct

is mere "negligence," the administration of justice is subverted.

In addition, while the insurance company promised to pay in accordance with the legal obligations resulting from the tort action, it did not undertake to be the victim of fraud or collusion. It is not fair to require that an insurer pay when the finding of negligence was the product of an unfair trial and when the insurer has no opportunity to litigate the matter.

Finally, in the conflict of interest situation where the critical issue does not appear to have been fairly litigated in the tort case, there is authority allowing the insured to bring a declaratory judgment action after the tort case to relitigate the issue. *Farmers Ins. Co. of Arizona v. Vagnozzi*, 138 Ariz. 443, 675 P.2d 703, 707–708 (1983). *See Spears v. State Farm Fire and Cas. Ins.*, 291 Ark. 465, 725 S.W.2d 835 (1987). *See also Strickland v. Hughes, supra*, 273 N.C. at 487, 160 S.E.2d at 318 ("the judgment in such [tort] case, *in the absence of fraud or collusion*, is generally binding upon the insurer as to issues which were or might have been litigated therein" (emphasis in original)).

In the instant case, therefore, Allstate should be permitted to maintain the declaratory judgment action. The trial judge, on remand, will first determine whether the intentional/negligence issue was fairly litigated in the tort case. If he finds that it was, Allstate will be bound by the jury's finding of negligence in the tort case. If he finds that it was not, the issue can then be relitigated in the declaratory judgment action.

## V.

Although in this case we shall permit a separate declaratory judgment action after the tort suit has become final, there are undesirable aspects to this procedure. It involves two separate suits involving the same parties and same issue. It may lead to conflicting final judgments. A separate declaratory judgment action also fosters a multiplicity

of appeals in what is essentially the same matter. In addition, a different trial judge from the one who heard the tort action may be presiding over the declaratory judgment action, reviewing whether the critical issue was fairly litigated in the tort suit.

It would promote the efficient administration of justice, and be less burdensome on the parties, if the insurer's request for declaratory relief were made in the tort case. Nevertheless, for the reasons set forth in Part III of this opinion, the insurer should not be a party to the tort case until after the jury's verdict or judge's decision on liability is rendered.

In the future, therefore, a separate declaratory judgment action, after the tort suit, will not be allowed in the conflict of interest situation like that presented here. The best procedure to resolve coverage disputes like the one in this case is a declaratory proceeding, as part of the tort case, initiated after the rendition of the jury's verdict or court's decision regarding liability. *See Employers Insurance of Wausau v. Lavender, supra,* 506 So.2d at 1167 (Fla.App. 1987).

After the jury's verdict or court's decision in the tort case, and no later than ten days after the entry of judgment in the tort suit, the insurer should file a motion to intervene, a motion under Maryland Rules 2–532, 2–533, or 2–534, whichever is appropriate, and a complaint for declaratory relief regarding its duty to pay the damages assessed against its insured. The motion under Rules 2–532, 2–533, or 2–534 will render the tort judgment nonfinal. *B & K Rentals v. Universal Leaf Tobacco,* 319 Md. 127, 571 A.2d 1213 (1990); *Yarema v. Exxon Corp.,* 305 Md. 219, 240–241, 503 A.2d 239, 250 (1986); *Unnamed Attorney v. Attorney Griev. Comm'n,* 303 Md. 473, 494 A.2d 940 (1985).

The trial judge should then proceed under the insurer's declaratory judgment complaint as set forth in Part IV above. The trial judge, however, will also have under his control the non-final judgment in the tort case, and will be

able to grant relief under Rules 2–532, 2–533, or 2–534, regarding that tort judgment. In this manner, consistency can be obtained, and there will ultimately be a single final judgment resolving both the tort action and the insurer's obligation.

This procedure, which will be followed in future cases like the present one, will largely accomplish the benefits which may have led the Court of Special Appeals to hold that insurer intervention in the tort suit is appropriate. The procedure outlined above differs from that suggested by the Court of Special Appeals in that the insurer will not be a party until after the verdict in the tort case.

JUDGMENT OF THE COURT OF SPECIAL APPEALS REVERSED, AND CASE REMANDED TO THAT COURT WITH DIRECTIONS TO REVERSE THE JUDGMENT OF THE CIRCUIT COURT FOR MONTGOMERY COUNTY AND TO REMAND THE CASE TO THE CIRCUIT COURT FOR MONTGOMERY COUNTY FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION. COSTS IN THIS COURT AND IN THE COURT OF SPECIAL APPEALS TO BE PAID BY RESPONDENTS.