**AMERICAN & FOREIGN INSURANCE COMPANY**

v.

**Timothy Eugene MORTUS, et al.**

**No. Civ. JFM–02–587.**

United States District Court, D. Maryland.

May 15, 2002.

William Carlos Parlor, Jr., Parler and Wobber LLP, Towson, MD, for Plaintiff.

Michael S. Libowitz, Severn E. S. Miller, Thomas and Libowitz PA, Baltimore, MD, for Defendants.

## MEMORANDUM

MOTZ, District Judge.

Defendant, Aaron Isaac, has filed a motion for partial summary judgment on the issue of whether Plaintiff, American & Foreign Insurance Company ("AFIC"), has a duty to defend Defendant, Timothy Eugene Mortus, in a suit brought by Isaac against Mortus and Davis Concrete, Inc. ("Davis Concrete") in Circuit Court for Harford County, Maryland. Isaac also moves to dismiss or stay AFIC's remaining claims. For the reasons that follow, I will grant Isaac's motion.

### I.

This case arises out of a single-car motor vehicle accident that occurred on October 24, 2000. On October 23, 2000, Isaac, Mortus, and John Falter Hamilton, Jr. met at the home of Jessie Thomas Bay to watch a Monday night football game. Allegedly, Isaac, Mortus, and Hamilton were consuming alcohol. Isaac, Mortus, and Hamilton eventually left Bay's home in a pick-up truck driven by Mortus and allegedly owned by Davis.[1]

At approximately 3:00 a.m. on October 24, 2000, Mortus drove the truck off the road, through a cornfield, and into the wooden deck of a home. Isaac was struck by wooden pieces of the deck and was trapped inside of the wrecked vehicle. Eventually, he was removed from the wreckage and taken to the University of Maryland Hospital shock trauma unit. He suffered permanent injuries.

Anticipating that Isaac would file suit against Mortus and Davis Concrete, AFIC,

Davis Concrete's insurer, instituted this action seeking three declarations: (1) that AFIC owes no duty to defend Mortus in connection with the October 24 accident; (2) that AFIC owes no duty to indemnify Mortus in connection with the October 24 accident; and (3) that AFIC is under no duty to provide uninsured or underinsured motorist benefits to any of the defendants, including Isaac, for any injuries sustained in the October 24 accident. Isaac has now filed his underlying tort suit against Mortus and Davis Concrete in the Circuit Court for Harford County.

### II.

When determining if a duty to defend exists, Maryland abides by the "potentiality" rule. Under this rule, "where facts are alleged against an insured that potentially give rise to a claim covered by the policy, the insurer does have an obligation to defend." *Reliance Ins. Co. v. Mogavero*, 640 F.Supp. 84, 87 (D.Md.1986) (*citing Brohawn v. Transamerica Ins. Co.*, 276 Md. 396, 347 A.2d 842, 850 (1975)). The duty to defend exists if the plaintiff in a tort case alleges an "action that is *potentially covered* by the policy, no matter how attenuated, frivolous, or illogical that allegation may be." *Sheets v. Brethren Mut. Ins. Co.*, 342 Md. 634, 679 A.2d 540, 544 (1996) (emphasis in original).

Here, the only coverage issue presented is whether Mortus was driving the truck with the permission of Davis Concrete. Isaac expressly alleges in the underlying tort suit that Mortus "had permission from Davis Concrete and from Hamilton [who allegedly was his supervisor] to drive the Truck for personal purposes whenever Mortus wanted." (Isaac Compl. ¶ 23.) Additionally, Isaac express-

---

1. In fact, at the time of the accident, the truck was owned by Pawnee Construction, Inc. (*See* Pl.Opp. 3 n. 1; State Compl. ¶ 14.) Isaac alleges, however, that Davis Concrete became the successor-by-merger to Pawnee. (State Compl. ¶ 15.)

ly alleges that "Davis Concrete permitted Mortus to drive the Truck and supplied it to him for use on the evening of October 23 and 24, 2000." (*Id.* ¶ 35.) These allegations alone are sufficient to establish potential coverage and trigger AFIC's duty to defend.

## III.

■ Isaac also seeks to dismiss or stay AFIC's remaining claims for a declaration stating that AFIC is under no duty to indemnify Mortus or to provide uninsured or underinsured motorist benefits to any of the defendants, including Isaac, for any injuries sustained in the October 24 accident. Both of these questions turn, at least in substantial part, upon whether Mortus had permission to drive Davis Concrete's truck. That is a fact that will be determined in the underlying tort suit, and Maryland law makes it clear that it would be premature to decide it now. *See Allstate Ins. Co. v. Atwood,* 319 Md. 247, 572 A.2d 154, 158 (1990). Accordingly, AFIC's requests for a declaratory judgment on the indemnity and uninsured/underinsured benefits issues will be dismissed without prejudice.

A separate order is attached.

## ORDER

As stated in the accompanying memorandum, it is, this *15th* day of May 2002

ORDERED:

1. Defendant's motion for partial summary on the issue of the duty to defend is granted;

2. Plaintiff's claim for a declaration that AFIC has no duty to indemnify Mortus is dismissed without prejudice; and

3. Plaintiff's claim for a declaration that AFIC is under no duty to provide uninsured or underinsured motorist benefits to any of the defendants is dismissed without prejudice.