577 A.2d 398

**7416 BALTIMORE AVENUE CORPORATION**

v.

**PENN–AMERICA INSURANCE COMPANY.**

**No. 1793, Sept. Term, 1989.**

Court of Special Appeals of Maryland.

July 6, 1990.

---

Benjamin A. Klopman (M. Michael Cramer and Cramer and Klopman, Chartered, on the brief), Rockville, for appellant.

John L. Wood (Niles, Barton & Wilmer, on the brief), Baltimore, for appellee.

Argued before MOYLAN and KARWACKI, JJ., and JAMES S. GETTY, Judge of the Court of Special Appeals (retired), Specially Assigned.

JAMES S. GETTY, Judge, Specially Assigned.

The issue presented by this appeal is whether the appellant, 7416 Baltimore Avenue Corporation, is entitled to a defense by its insurer, Penn America Insurance Company,

the appellee. Appellant alleges that appellee has a duty to provide a defense in a personal injury case filed against appellant by Michael Stanton. Both parties filed motions for summary judgment in appellant's declaratory judgment action. Thereafter, the Circuit Court for Prince George's County (Ross, J.) granted appellee's motion and this appeal followed.

In his suit against appellant, Michael Stanton alleged that he was injured when employees of appellant, usually referred to as "bouncers," forcibly evicted him from appellant's nightclub in College Park. Stanton's complaint alleges "assault and battery" (Count 1) and "negligent supervision of employees" (Count 2).

The appellee subsequently declined to defend the appellant citing the following policy provisions in support of its argument that it owed no such duty:

Coverage A—Bodily Injury Liability

Coverage B—Property Damage Liability

This company will pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of

    A.   bodily injury or

    B.   property damage

to which this insurance applies, caused by an occurrence, and *the company shall have the right and duty to defend any suit against the insured seeking damages on account of such bodily injury or property damage, even if any of the allegations of the suit are groundless, false or fraudulent,* and may make such investigation and settlement of any claim or suit as it deems expedient, *but the company shall not be obligated to pay any claim or judgment or to defend any suit after the applicable limit of the company's liability has been exhausted* by payment of judgments or settlements. (Emphasis added.)

The policy contains the following endorsement on which the appellee insurer relies in refusing to provide a defense for appellant.

### Assault and Battery Exclusion

In consideration of the premium charged, it is hereby understood and agreed that this policy excludes claims arising out of Assault and Battery, whether caused by or at the instigation of, or at the direction of, the insured, his employees, patrons or any cause whatsoever.

Appellee's policy, allegedly standard, is not a model of clarity. Initially, it acknowledges a duty to defend "any suit ... on account of ... bodily injury ... even if any of the allegations are groundless, false or fraudulent." Immediately thereafter, the endorsement provides that "this policy excludes claims arising out of Assault and Battery." Clearly, the appellee would not be required to pay a claim if it were established that the claim was groundless, false or fraudulent. It is equally obvious that the appellee would not be required to pay a claim where the cause of the injury was excluded from coverage. What is not as clear, however, is whether the appellee owes its insured a defense in either situation based upon the language it has included in the policy.

In the recent case *Allstate Insurance Company v. John Atwood, et al.*, 319 Md. 247, 572 A.2d 154 (1990), the Court of Appeals (Eldridge, J.) made clear that resort to "declaratory judgments in advance of tort trials to resolve issues presented in pending tort cases should be rare." Citing *Hartford Ins. Group v. District Court*, 625 P.2d 1013 (Colo.1981), the Court of Appeals establishes that "it is only where the alleged conduct of the insured as to one or more of the claims made is patently outside the terms of the insurance contract and as a matter of law is excluded from the policy, that a pretrial declaratory judgment should be rendered." The normal rule, the Court reiterated, is as set forth in *Brohawn v. Transamerica Ins. Co.*, 276 Md. 396, 347 A.2d 842 (1975), "that a pre-tort trial declaratory judg-

ment action to resolve an issue presented in the pending tort case is prohibited." Within that framework, we turn to the case before us.

> Count 1 of Stanton's complaint alleges the following:
> > (Assault and Battery)
>
> At the aforesaid time and place, agents and employees of the defendants, including Robert Paul Arnold, acting within the course and scope of their employment by the defendant, wilfully and intentionally assaulted and battered the plaintiff, causing the aforesaid injuries.

Count 2 charges:

> > (Negligence)
>
> Defendant [7416 Baltimore Avenue Corporation] was under a duty to supervise its employees and to make certain that they acted lawfully and properly with regard to patrons.
>
> The defendants as aforesaid negligently failed to supervise the activities of its employees and as a result thereof, plaintiff suffered injuries as aforesaid.

The appellant's *piece de resistance* is that the case falls squarely under *Brohawn*. The appellee, conversely, relies on the holding in *Northern Assurance Co. v. EDP Floors*, 311 Md. 217, 533 A.2d 682 (1987), authored by Chief Judge Murphy. Any doubt as to whether a particular case falls within the narrow exception (patently outside the terms of the insurance contract as a matter of law) should be resolved in favor of dismissing the declaratory judgment action and allowing the issue to be resolved in the pending tort case. *Atwood, supra.*[1]

*Brohawn* is authority for the proposition that if a claimant alleges a cause of action that is *potentially* covered by the policy, the insurer has a duty, because of a conflict of

---

[1] *Allstate v. Atwood* involved counts of intentional act and negligence the same as in *Brohawn. Allstate,* however, was not an appeal from the dismissal of a pre-tort trial declaratory judgment action. It dealt with whether the insurer could provide a defense for its insured and also intervene in the tort action.

interest, to provide independent counsel for its insured. That statement is solely concerned with the insurer's contractual obligation to provide its insured with a defense if the tort plaintiff alleges a claim that may be covered by the policy.

The actual holding in *Brohawn,* as it relates to litigating a coverage question prior to the trial of a pending court case, is that a declaratory judgment may be appropriate where the coverage questions "are independent and separable from the claims asserted in a pending suit by an injured third party." 276 Md. at 405, 347 A.2d 842. In *Brohawn* the issues were not separable, because they were the identical issues to be decided in the pending tort action, *i.e.,* whether the alleged injuries resulted from an intentional act or from a negligent occurrence. Declaratory judgment, therefore, was held to be inappropriate.

Examples of "independent and separable" questions of policy coverage that may be litigated by resort to declaratory judgment proceedings prior to a tort trial include: *Northern Assurance Co. v. EDP Floors, supra,* relied upon by the appellee herein (interpretation of an exclusion in the policy); *St. Paul Fire and Marine Ins. v. Pryseski,* 292 Md. 187, 438 A.2d 282 (1981) (interpretation of coverage language in policy); and *Bankers & Ship. Ins. Co. v. Electro Enter.,* 287 Md. 641, 415 A.2d 278 (interpretation of exclusion denying coverage where insured plane not operated by named pilots).

In *EDP Floors, supra,* an accident occurred when an intoxicated employee of EDP caused floor tiles to fall on the plaintiff in the course of unloading EDP's truck at a job site. The plaintiff sued EDP alleging vicarious liability of the employer, EDP, for the employee's negligence and direct liability for negligent hiring and for negligent supervision. EDP notified both its automobile and general liability carriers of the suit and requested a defense. The general liability carrier, NAC, denied coverage based upon a policy provision excluding coverage for injury arising out of the unloading of a vehicle.

The Court of Appeals determined that the *Brohawn* principle did not apply, because EDP had a material interest in obtaining an interpretation of its policy in order to determine which of its two insurers was involved. This inquiry by declaratory judgment action, the Court said, "had no bearing on Davis's pending tort action."

EDP argued that the exclusion for bodily injury from unloading a truck applied to the vicarious liability count only, and that NAC's policy covered the other negligence counts. The Court, however, held that the policy exclusion is not concerned with theories of liability and the words "arising out of" must be afforded their common meaning. Since Davis's bodily injury arose out of EDP's employee unloading a truck, the injury is excluded from coverage regardless of whether the injury may also have arisen from other causes further back in the sequence of events including negligent failure to supervise.

The appellee herein argues that the holding in *EDP Floors* is dispositive of the present case. A fundamental difference between the present controversy and the holding in *EDP Floors*, however, is that in the latter case both sides conceded that the injuries sustained by the injured plaintiff arose as a result of the unloading of a truck which was specifically excluded under the terms of the policy. In the present case there is no agreement that an assault and battery took place; it is an allegation by the injured party, denied by the insured, which can only be resolved in the tort action. By granting summary judgment that the appellee insurer owed no duty to provide the appellant a defense due to the assault and battery exclusion, the court necessarily concluded, as a matter of law, that an assault and battery took place. In so doing, it erred.

In fact, there is no evidence at this stage of the case that the insured's employees were acting within the scope of their employment as alleged by Stanton. We note that the appellee, under the coverage provisions in the policy, had the right to "make such investigations and settlement of any such claim or suit as it deems expedient." In answer-

ing appellant's interrogatories, however, appellee concedes that "an investigation of the Stanton claim was not performed by the Defendant." Instead, it denied coverage solely upon Stanton's claim that an assault and battery occurred. The trial court, therefore, rendered judgment as a matter of law without any fact-finding.

The tort claim herein alleges bodily injury sustained as the result of an assault and battery and injuries sustained as a result of negligent failure to supervise properly the employees in the appellant's employ. Conceivably, the trier of fact could find that an assault and battery did not take place, but that the tort-plaintiff did sustain injuries as a direct result of the appellant's failure to supervise properly its employees by failing to instruct them how to deal with patrons in a lawful manner. Clearly, if an assault and battery is established appellee owes no damages on behalf of the insured. If, on the other hand, the trier of fact concludes that no assault occurred due to no intent to commit a battery, or that the insured acted in self-defense, the potentiality for coverage exists if the fact-finder concludes that an injury resulted from the negligent failure to instruct employees on the lawful manner of resolving disputes with patrons.

As in *Brohawn*, the indemnity issue will be decided by the decision of the trier of fact in the tort suit. We think that *EDP* is distinguishable from the present case for the reason that the exclusion in *EDP* is an established fact accepted by all parties (the injury occurred in unloading a truck). In the present case, causation is a contested issue. The potentiality rule has also been characterized as the "possibility rule." *See Western World Ins. Co. v. Hartford Mutual Ins. Co.,* 784 F.2d 558 (4th Cir.1986); *Insured's Duty to Defend,* U.Balt.L.Rev.Vol. 18, Fall 1988. The case law, furthermore, indicates that, if there is any doubt as to whether the allegations against the insured state a cause of action within the coverage of a liability policy sufficient to compel the insurer to defend the action, such doubt will be resolved in the insured's favor. *Allstate v. Atwood, supra;*

*USF & G v. National Paving and Contracting Co.,* 228 Md. 40, 178 A.2d 872 (1962).

The guidelines for determining when a potentiality of coverage exists are set forth in *St. Paul Fire and Marine Ins. Co. v. Pryeski,* 292 Md. 187, 438 A.2d 282 (1981):

> Whether a liability insurer has a duty to provide its insured with a defense in a tort suit requires an answer to two questions:
>
> 1. What is the coverage and what are the defenses under the terms and requirements of the policy?
>
> 2. Do the allegations in the tort action potentially bring the tort claim within the policy coverage?

*EDP, supra,* makes clear that the potentiality rule does not apply to the initial coverage question posed in *Pryseski.* Stated differently, the court must first determine the coverage afforded by the policy *before* deciding if there is potential coverage. Once the court determines what coverage is afforded by the policy language, it then determines whether the pleadings are actually or potentially within that coverage.

The duty to defend continues, if actual or potential coverage is established, until such coverage is negated. This duty cannot be decided in a vacuum, it can be resolved only by fact-finding. The trial court, therefore, cannot decide by declaratory judgment whether an insurer has a duty to indemnify where factual issues must be resolved in the underlying tort action. *See, Insurer's Duty to Defend, supra,* p. 19.

The scope of the coverage in this standard liability policy provides that the appellee insurer will pay all sums which the appellant insured shall become obligated to pay because of bodily injury caused by an occurrence and shall have the duty to defend any suit against the insured on account of bodily injury even if the allegations are groundless, false or fraudulent. "Occurrence" is defined in the policy as

an accident, including continuous or repeated exposure to conditions which result in bodily injury . . . neither expected nor intended from the standpoint of the insured.

The exclusion includes claims arising out of assault and battery whether caused by or at the instigation of, or at the direction of, the insured, his employees, patrons or any cause whatsoever.

"Arising out of" is not defined in the policy. Whether the present claim is actually within the potential coverage of the policy is not ascertainable at the declaratory judgment stage of the proceedings, because the duty to indemnify depends on a factual issue that will be resolved in the underlying tort suit. The trial court, therefore, erred in entering a declaratory judgment for the appellee insurer.

We remand the case to the trial court for further proceedings. The trial court is directed to strike the summary judgment entered on behalf of the appellee, award the appellant its costs and attorney fees incurred in the declaratory judgment action, and direct that the appellant may select counsel to defend it in the tort action and that the appellee shall be responsible for payment of the attorney fees incurred by the appellant.

REVERSED AND REMANDED TO THE CIRCUIT COURT FOR PRINCE GEORGE'S COUNTY FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION.

COSTS TO BE PAID BY APPELLEE.