**FIRST FINANCIAL INSURANCE COMPANY, Plaintiff,**

v.

**GLM, INC., t/a Exscape Nightclub, et al., Defendants.**

**Civil No. H–99–993.**

United States District Court, D. Maryland.

Feb. 11, 2000.

William C. Parler, Parler & Wobbler, Towson, MD, for plaintiff.

Lawrence J. Quinn, Tydings & Rosenberg, Baltimore, MD, for defendant.

## MEMORANDUM OPINION

ALEXANDER HARVEY II, Senior District Judge.

In this civil action, the Court has been called upon to construe an insurance policy. Plaintiff First Financial Insurance Company ("First Financial") issued a commercial general liability insurance policy (the "Policy") to defendant GLM, Inc. ("GLM"). Plaintiff First Financial has brought this action seeking a declaratory judgment pursuant to 28 U.S.C. § 2201(a).[1] Plaintiff is here seeking a judgment declaring that defendant is not under the Policy entitled to liability coverage arising as a result of certain events which occurred at GLM's nightclub. Diversity jurisdiction exists pursuant to 28 U.S.C. § 1332(a), and Maryland law is controlling.

Cross-motions for summary judgment have now been filed by plaintiff and by defendant GLM. In support of those motions, the parties have submitted various exhibits in support of and in opposition to the pending motions.[2] A hearing on the motions has been held in open court. For the reasons stated herein, the Court has concluded that plaintiff's motion for summary judgment must be granted, and that the motion for summary judgment of defendant GLM must be denied.

### I

### Background Facts

Defendant GLM owns and operates the Exscape Nightclub ("Exscape"), an adult entertainment facility located in Baltimore, Maryland. On October 3, 1995, GLM purchased from First Financial a commercial general liability insurance policy covering occurrences at Exscape. The term of the Policy was one year.

Under Coverage A of Section I of the Policy, First Financial agreed to pay those sums which GLM became legally obligated to pay as damages because of "bodily injury" caused by an "occurrence" taking place at Exscape. "Bodily injury" is defined by Section V of the Policy as "bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time." The term "occurrence" is defined by this same Section as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions." Section I of the Policy further provides that First Financial had the "right and duty to defend" any suit against GLM seeking damages for "bodily injury" covered under the Policy.

The Policy also contained exclusions to Coverage A of Section I. Specifically, Section III provided for an "assault or battery" exclusion to Coverage A, which stated in pertinent part that no coverage would be provided in actions for damages against GLM for "[b]odily injury ... (2)[a]rising out of assault or battery, or an act or omission in connection with the prevention or suppression of an assault or battery." The Policy also required that GLM provide First Financial with prompt notice of any "occurrence" or "offense" which might trigger coverage under the Policy.

On December 26, 1995, Charles Boyer ("Boyer"), a patron at Exscape, was stabbed six times with a knife by another patron, Michael McLaughlen ("McLaughlen"), while inside Exscape. Boyer survived the attack. McLaughlen was subsequently shot and killed by an off-duty Baltimore City Police Officer who was also a patron at Exscape on that evening.

In February of 1999, Boyer and his wife Tosha filed a three count complaint (the "Underlying Complaint") in the Circuit Court for Baltimore County (the "Underlying Litigation") against GLM and an un-

---

1. In addition to GLM, plaintiff has named as defendants in this case Charles and Tosha Boyer who have sued GLM in state court and an "Unknown Doorman" as an employee of GLM. These defendants are not proper parties in this declaratory judgment action.

2. The Boyer defendants have answered the complaint, but have taken no position insofar as the pending cross-motions for summary judgment are concerned.

identified Exscape doorman. *Boyer, et al. v. GLM, et al.*, Case No. 03–C–98–011957, Cir. Ct. for Balto. County. Compensatory damages were sought for the injuries sustained by Boyer at the nightclub. The Underlying Complaint alleges that McLaughlen had been thrown out of Exscape early in the evening on the night in question but that he was able to reenter Exscape and stab Boyer because the doorman had abandoned his post at the entrance to the club. Count I of the Underlying Complaint alleges that GLM was negligent in failing to provide sufficient security which would have prevented the injuries suffered by Boyer. In Count II, it is alleged that GLM was negligent in hiring its doorman whose dereliction of his security duties caused Boyer's injuries. Count III seeks damages for loss of consortium. The Underlying Litigation is still in the early stages of discovery.

On April 9, 1999, plaintiff First Financial filed this declaratory judgment action in this Court. Plaintiff has asked this Court to conclude as a matter of law that it is not obligated to defend or indemnify GLM for the claims asserted in the Underlying Complaint. Plaintiff also seeks an award of the costs and attorneys' fees which it has incurred as the result of its participation in the Underlying Litigation.

## II

### Applicable Principles of Law

The principles to be applied by this Court in considering a motion for summary judgment under Rule 56, F.R.Civ.P., are well established. A party moving for summary judgment bears the burden of showing the absence of any genuine issue of material fact and that it is entitled to judgment as a matter of law. *Barwick v. Celotex Corp.*, 736 F.2d 946, 958 (4th Cir. 1984). This burden is met by consideration of affidavits, exhibits and other evidentiary materials. *Id.*

In Maryland, an insurance policy is a contract and is to be read as any other contract. *Little v. First Federated Life Ins. Co.*, 267 Md. 1, 5, 296 A.2d 372 (1972).

The words of an insurance policy are to be given their ordinary meaning. *C & H Plumbing and Heating, Inc. v. Employers Mut. Cas. Co.*, 264 Md. 510, 511, 287 A.2d 238 (1972).

When deciding the issue of coverage under an insurance policy, the primary principle of construction is to apply the terms of the insurance contract itself. *Bausch & Lomb v. Utica Mutual*, 330 Md. 758, 779, 625 A.2d 1021 (1993). Maryland does not follow the rule, adopted in many jurisdictions, that an insurance policy is to be construed most strongly against the insurer. *Cheney v. Bell National Life*, 315 Md. 761, 766, 556 A.2d 1135 (1989). Rather, following the rule applicable to the construction of contracts generally, the intention of the parties to an insurance policy should be ascertained if reasonably possible from the policy as a whole. *Id.* at 767, 556 A.2d 1135.

The obligation of an insurer to defend its insured is determined by the allegations made in the action against the insured. *Brohawn v. Transamerica Ins. Co.*, 276 Md. 396, 407–08, 347 A.2d 842 (1975). However, an insurer has an affirmative obligation to defend when there exists a "potentiality that the claim could be covered under the policy." *Litz v. State Farm Fire and Cas. Co.*, 346 Md. 217, 225, 695 A.2d 566 (1997). The allegations in the complaint must be viewed broadly, encompassing not only the four corners of the complaint, but also any extrinsic evidence allowing the insured to establish the potentiality of coverage. *Aetna Casualty & Surety Co. v. Cochran*, 337 Md. 98, 109, 651 A.2d 859 (1995); *Litz*, 346 Md. at 226, 695 A.2d 566.

In *Allstate Ins. Co. v. Atwood*, 319 Md. 247, 572 A.2d 154 (1990), the Maryland Court of Appeals cautioned that resort to declaratory judgments in advance of tort trials to resolve issues presented in pending tort cases should be rare. *Id.* at 254, 572 A.2d 154. However, the Court further held that where the allegations of the com-

plaint are "patently" outside the terms of the insurance contract and "as a matter of law" are excluded from the policy, a "pre-trial declaratory judgment should be rendered." *Id.* at 254–55, 572 A.2d 154.

■ A battery has been defined as "a harmful or offensive contact with a person resulting from an act intended to cause the person such contact." *Saba v. Darling,* 320 Md. 45, 49, 575 A.2d 1240 (1990) (citation omitted). The act in question "must be some positive or affirmative action on the part of the [assailant]." *Id.* (citations omitted). An assault is an intentional threat, either by words or acts, to physically harm another person without that person's consent. MPJI 15:1.

## III

### The Parties' Motions

In its amended motion for summary judgment, plaintiff First Financial contends that it is entitled to the entry of a declaratory judgment because its Policy excludes the occurrences alleged in the Underlying Litigation and because GLM did not provide prompt notice of the Boyers' claims asserted in the suit filed by them in the Circuit Court for Baltimore County. Plaintiff asks the Court to enter a judgment declaring that First Financial is not obligated to defend or indemnify the Exscape Nightclub for any claim arising out of the December 26, 1995 assault and battery involving Boyer and McLaughlen.

Besides answering the complaint, defendant GLM has filed a counterclaim against plaintiff First Financial seeking the entry of a declaratory judgment in its favor. In its motion for summary judgment, defendant GLM asks the Court to rule as a matter of law that First Financial has under the Policy a duty to defend GLM in the Underlying Litigation and to indemnify it for any damages recovered by the Boyers in that suit.

## IV

### Discussion

When the pertinent principles of law are applied to the facts of record here, this Court concludes that, under the Policy, plaintiff First Financial had no duty to defend GLM in the Underlying Litigation, nor did First Financial have a duty to indemnify GLM for any amounts which it might be required to pay to the Boyer parties in the state court suit. The events alleged to have occurred at the Exscape Nightclub on December 26, 1995 which led to the filing of the Underlying Complaint against GLM are patently outside the terms of the Policy. This Court concludes as a matter of law that the conduct in question is excluded from coverage under the Policy. The entry of the declaratory judgment here sought by plaintiff First Financial is accordingly appropriate under Maryland law. *See Allstate Ins. Co.,* 319 Md. at 254–55, 572 A.2d 154.

Whether First Financial had a duty to defend GLM in the Baltimore County suit must be determined by a review of the allegations of the Underlying Complaint. *See Brohawn,* 276 Md. at 407–08, 347 A.2d 842. The Underlying Complaint has clearly alleged that it was GLM's negligence which caused Boyer's injuries. It is further clear from these allegations that Boyer's injuries were the direct consequence of an assault and battery which occurred when McLaughlen stabbed Boyer.

■ Count I of the Underlying Complaint asserts a claim of negligence. Boyer and his wife have alleged that "[GLM's] actions in failing to provide for security of [Boyer] as a business invitee constitutes a breach of the duty owed to [Boyer], and said breach resulted in [Boyer's] injuries." Count I is thus alleging that defendant's omission in providing proper security at Exscape on the evening in question allowed McLaughlen to reenter the nightclub and cause injury to Boyer. This allegation qualifies as a claim against defendant arising out of defendant's "... omission in connection with the prevention ... of an assault or bat-

tery" causing Boyer's bodily injuries. *See e.g., United National Ins. Co. v. Entertainment Group, Inc.*, 945 F.2d 210, 213 (7th Cir.1991); *St. Paul Surplus Lines Ins. Co. v. 1401 Dixon's*, 582 F.Supp. 865, 867–68 (E.D.Pa.1984); *Stiglich v. Tracks, D.C., Inc.*, 721 F.Supp. 1386, 1387–88 (D.D.C.1989); *Essex Ins. Co. v. Yi*, 795 F.Supp. 319, 323 (N.D.Cal.1992) (citations omitted). Accordingly, the exclusion in question is applicable to the claim asserted in Count I of the Underlying Complaint, and plaintiff cannot be deemed to have a duty under the Policy to indemnify or defend GLM in the Underlying Litigation.

■■■ Count II of the Underlying Complaint asserts a claim of negligent hiring. It is alleged that GLM "had a duty to use reasonable care to select employees who are competent and fit to perform the duties for which they were hired," that GLM "knew or should have known that [the doorman's] dereliction of duty would likely lead to injury to members of the public, including . . . Boyer," that by hiring incompetent personnel, GLM breached such duty, and that such breach caused Boyer's injuries. These allegations amount to a claim against GLM seeking damages for Boyer's bodily injuries arising out of an "act or omission . . . in connection with the prevention . . . of an assault or battery." As such, the claim asserted in Count II is similarly excluded from coverage under the Policy. For these same reasons, Count III of the Underlying Complaint which seeks damages for loss of consortium resulting from the injuries sustained by Boyer is also subject to the "assault or battery" exclusion.

In opposing plaintiff's motion for summary judgment, defendant argues that it cannot be determined as a matter of law on the record here that GLM's liability for the bodily injury sustained by Boyer arose in connection with the prevention of an assault or battery. Defendant contends

that at this early stage in the Underlying Litigation, this Court should not prematurely determine whether an assault or battery actually occurred and whether the "assault or battery" exclusion applied. According to defendant GLM, discovery in the Underlying Litigation indicates that Boyer had a pool cue in his hand when he was stabbed. It is argued that factual issues therefore arise as to whether the stabbing was undertaken by McLaughlen in self-defense.

■■■ There is no merit to these arguments. Whether or not McLaughlen acted in self-defense, the injuries sustained by Boyer arose out of an assault or a battery. *St. Paul Surplus,*, 582 F.Supp. at 868; *Essex Ins. Co.*, 795 F.Supp. 319, 323. If Boyer threatened McLaughlen with a pool cue or struck him, his injuries would still have arisen as a result of an assault or a battery which allegedly could have been prevented by GLM if it had exercised due care. On the other hand, if the stabbing of Boyer was not justified, he would have been the direct victim of an assault or battery. In either event, the exclusion contained in the Policy would apply.

Defendants' reliance on *7416 Baltimore Avenue Corp. v. Penn–America Ins. Co.*, 83 Md.App. 692, 577 A.2d 398 (1990) is misplaced. The policy at issue in that case did not expressly exclude from coverage any claims arising out of an act or omission in connection with the prevention of an assault or battery. The exclusion in that case related solely to claims "arising out of an assault and battery."

For all these reasons, this Court concludes as a matter of law that plaintiff First Financial is entitled to the entry of a declaratory judgment providing that it is not obligated to defend GLM in the suit brought against it by Boyer in the Circuit Court for Baltimore County, nor to indemnify GLM for damages which it would be compelled to pay as a result of the claims asserted against it in that suit.[3]

---

3. In view of the Court's determination that the conduct alleged in the state court action is patently outside the terms of the Policy, it is

not necessary to address plaintiff's alternative argument that there is no coverage because

■ However, plaintiff First Financial is not entitled to a recovery of the attorneys' fees and costs which it incurred in participating in the Underlying Litigation. First Financial had the right to deny coverage immediately and to not provide counsel for GLM in the Underlying Litigation. Had it done so, no attorneys' fees and costs would have been incurred. Nevertheless, First Financial voluntarily chose to provide counsel to defend GLM in the Underlying Litigation. As such, it is not now entitled to the recovery of attorneys' fees and costs incurred in the state court suit. Plaintiff relies on an Order entered in *Burlington v. Black Ride,* Civil No 98–2174 (D.D.C. April 30, 1999) which included an award of attorneys' fees and costs in circumstances similar to those here. However, the Decree entered by the Court in that case was the result of an agreed settlement between the insured and the insurer.

### V

### *Conclusion*

For all the reasons stated, plaintiff's motion for summary judgment will be granted, and the cross-motion for summary judgment of defendant GLM will be denied. Plaintiff's request for an award of attorneys' fees and costs will be denied. An appropriate declaratory judgment will be entered by the Court.

GLM did not give plaintiff prompt notice of the claims asserted by the Boyers in their state court suit.