I.J.G., INC., et al., Appellants,

v.

PENN–AMERICA INSURANCE
COMPANY, Appellee.

No. 01–CV–793.

District of Columbia Court of Appeals.

Submitted June 6, 2002.
Decided July 3, 2002.

Randell C. Ogg and Jason A. Dzubow, Washington, DC, filed briefs for appellants.

D. Elizabeth Walker and Amy Leete Leone, filed a brief for appellee.*

Before TERRY, SCHWELB, and WASHINGTON, Associate Judges.

PER CURIAM:

This is an appeal from an order of the trial court entered on May 11, 2001, holding that appellee Penn–America Insurance Company was not required to defend or indemnify its insured, appellant I.J.G., Inc., trading as The Bank, a nightclub, in connection with an action in tort that had been brought against I.J.G., Inc., by appellant Lieu Lai. Ms. Lai suffered injuries when she was struck in the eye by a thrown bottle on October 11, 1997, while she was visiting The Bank as a patron. The relevant facts are set forth in the trial judge's order, a slightly edited version of which is attached hereto and made a part hereof. We adopt the trial judge's decision and, with minor editorial changes, his opinion. For the reasons stated by the trial judge, the judgment is hereby

*Affirmed.*[1]

---

* This appeal was scheduled for argument on June 6, 2002. On May 20, 2002, the court granted the motion of counsel for appellee to withdraw and directed that successor counsel appear at oral argument. No counsel appeared for appellee and, with the consent of counsel for appellants, the court treated the appeal as submitted on the briefs.

1. In connection with the trial judge's discussion of appellants' request for indemnification, we note that "an adjudication that there is no duty to defend a tort claim precludes indemnity coverage." BARRY R. OSTRAGER & THOMAS R. NEWMAN, HANDBOOK ON INSURANCE COVERAGE DISPUTES § 5.08, at 279 (10th ed.2000), and authorities cited, *id.* at 279–80. As the court stated in *EAD Metallurgical, Inc. v. Aetna Cas. & Sur. Co.,* 905 F.2d 8, 11 (2d Cir.1990),

the duty to defend is broader than the duty to indemnify. *See Avondale [Indus., Inc. v. Travelers Indem. Co.],* 887 F.2d [1200,] 1204 [(2d Cir.1989), *cert. denied,* 496 U.S. 906, 110 S.Ct. 2588, 110 L.Ed.2d 269 (1990)]. Thus, it is unnecessary to engage in a separate analysis of Aetna's independent claim that it has no duty to indemnify apart from both insurers' claims that they have no obligation to defend.

In other words, "a finding by a court that there is no duty to defend automatically means that there is no duty to indemnify." *New York v. Blank,* 745 F.Supp. 841, 844 (N.D.N.Y.1990) (citation omitted), *aff'd in part and rev'd in part on other grounds,* 27 F.3d 783 (2d Cir.1994).

ATTACHMENT

## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA

### CIVIL DIVISION

PENN–AMERICA INSURANCE
CO., Plaintiff,

v.

I.J.G., INC. t/a The Bank,
*et al.*, Defendants.

Civil Action No. 00–317.

May 11, 2001.

### *ORDER*

Judge BAYLY.

Before the Court are plaintiff's motion for summary judgment, along with plaintiff's statement of undisputed material facts, defendants' opposition, and plaintiff's reply. Also before the Court are the trial memorandum of defendant, [I].J.G., Inc., and of defendant and counter-plaintiff, Lieu Lai, respecting a variety of issues associated with trial and the trial memorandum of plaintiff respecting its authorization to write insurance policies in this jurisdiction and its standing to challenge the Consent Judgment of March 8, 2000.

In this case arising out of eye injuries sustained by Lieu Lai on October 11, 1997, at a nightclub known as The Bank, plaintiff has sought judgment declaring that it had no obligation to defend or indemnify its insured, I.J.G., Inc., trading as The Bank, in respect of tort claims asserted by Ms. Lai in an underlying civil action, *Lai v. I.J.G., Inc.*, 99–CA–3962. By a Consent Judgment entered on March 9, 2000, in *Lai v. I.J.G., Inc., supra*, defendant, I.J.G., Inc., became obliged to pay Ms. Lai $375,000. Somewhat earlier, on February 28, 2000, Ms. Lai had released the officers and directors of I.J.G., Inc., from all liability for claims asserted by her in *Lai v. I.J.G., Inc., supra*, and on March 9, 2000, Ms. Lai, as counter-plaintiff in this action, filed against Penn–America Insurance Company, as counter-defendant herein, a counter-claim which alleged that I.J.G., Inc., had assigned to counter-plaintiff Lai its "claims, rights, and causes of action against Penn–America under the . . . policy relating to claims and causes of action it has against Penn–America on account of Penn–America's failure to defend Lieu Lai's lawsuit against I.J.G., Inc., and to pay the monies that I.J.G., Inc., is now, or will in the future be, legally obligated to pay to Ms. Lai." Counter-claim of Lieu Lai, ¶ 13. Lai prayed for judgment against Penn–America in the amount of $375,000, along with other related relief.

While the parties urge upon the Court varying interpretations of events and applications of law, what happened at the nightclub on October 11, 1997, is fundamentally undisputed[:]

On the night of October 11, 1997, Ms. Lai entered The Bank as an invitee/patron. About two o'clock in the morning on October 12, 1997, a violent fight erupted in The Bank and beer bottles were thrown throughout the club by other patrons. This violent activity continued for several moments. One of the beer bottles struck Ms. Lai in the left eye and shattered, causing Ms. Lai to permanently lose partial vision in her left eye.

Complaint, ¶ 4. As cause of her injury Ms. Lai has identified The Bank's negligent failure to supply "standard and necessary preventive security measures" and, in particular, "to prevent or stop the fight and the throwing of beer bottles." Complaint, ¶ 7.

Plaintiff now moves for summary entry of judgment in its favor and argues that although it had issued a general liability insurance policy to the nightclub, coverage was specifically excluded for

"Bodily injury," "Property Damage," Personal Injury, Advertising Injury, Medical Payments or any other damages resulting from assault and battery or physical altercations that occur in, on, or near the insured's premises:

> 1) Whether or not caused by, at the instigation of, or with the direct or indirect involvement of the insured, the insured's employees, patrons or other persons on the insured's premises, or

> 2) Whether or not caused by or arising out of the insured's failure to properly supervise or keep the insured's premises in a safe condition.

Statement of points and authorities in support of plaintiff, Penn–America Insurance Company's motion for summary judgment at 3–4 and Exhibit J.[1]

Plaintiff contends further that it never consented to the settlement entered into by Ms. Lai and The Bank and reflected in the Consent Judgment of March 8, 2000.

Citing judicial approval of the exclusion for assaults and batteries in its policy, *e.g., Interstate Fire & Casualty Co., Inc. v. 1218 Wisconsin, Inc.,* 329 U.S.App. D.C. 90, 136 F.3d 830 (1998), plaintiff urges that

> [t]he scope of an insurer's duty to defend an action against its insured, as distinguished from its obligation to indemnify the insured for any resulting judgment, is

>> to be determined by the allegations of the complaint. This obligation is not

affected by facts ascertained before suit or developed in the process of litigation or by the ultimate outcome of the suit. If the allegations of the complaint state a cause of action within the coverage of the policy, the insurance company must defend. On the other hand, if the complaint alleges a liability not within the coverage of the policy, the insurance company is not required to defend. In case of doubt such doubt ought to be resolved in the insured's favor.

*Boyle v. National Casualty Co.,* 84 A.2d 614, 615–616 (D.C.1951) (footnotes omitted); *accord, e.g., Beltway Management Co.* [v. *Lexington–Landmark Insurance Co.,* 746 F.Supp. 1145, 1149 (D.D.C. 1990)], *supra,* n.3; *Central Armature Works, Inc. v. American Motorists Insurance Co.,* 520 F.Supp., 283, 287 (D.D.C.1980); *Western Exterminating [C]o. v. Hartford Accident & Indemnity Co.,* 479 A.2d 872, 874 (D.C.1984); *S. Freedman & Sons, Inc. v. Hartford Fire Insurance Co.,* 396 A.2d 195, 197 (D.C. 1978).

*Washington v. State Farm Fire & Casualty Co.,* 629 A.2d 24, 25–26 (D.C.1993) (footnote omitted). Plaintiff reasons that "Ms. Lai's complaint against The Bank did not allege a cause of action within the coverage of the Penn–America policy," statement of points and authorities, *supra,* at 7, because Ms. Lai's injury arose, as she asserts, from a fight that broke out at The Bank, and because The Bank "fail[ed] to prevent or stop the fight and the throwing of beer bottles which led to Ms. Lai's injuries." Complaint, ¶ 7.

Whether Ms. Lai was intentionally struck by the thrown bottle, argues plaintiff, or was inadvertently injured, her loss-

---

1. [We omit footnote 1 to the trial judge's order from the edited version of that order which is being adopted by this court.]

es are excepted from coverage by the assault and battery exclusion. Neither does the identity or the anonymity of plaintiff's assailant matter, contend[s] plaintiff, as plaintiff was inarguably struck as a result of a physical altercation or an assault and battery. Plaintiff cites *Downtown Bar & Grill, Inc. v. Sphere Drake Insurance Co.*, 1997 WL 188139, 1997 U.S. Dist. LEXIS 4977 (S.D.N.Y. April 17, 1997).

In opposition defendants argue that "[i]t is Penn–America's burden to show conclusively that the person who threw the bottle that hit Ms. Lai had the requisite intent to injure." Defendants' opposition to plaintiff's motion for summary judgment at 1. Moreover, maintain defendants, "there was no assault as that term is defined under the laws of the District of Columbia." . . . After explaining how plaintiff declined to appear and defend The Bank, defendants indicate that they negotiated directly with one another and arrived at a settlement which involved payment of $375,000 to Ms. Lai.

Defendants argue that plaintiff has misconstrued the complaint which "states that the fight was coincidental with the bottle throwing. It does not allege that the patron involved in the fight threw the bottles or caused the bottles to be thrown." Defendant's opposition, *supra*, at 6. Moreover, urge defendants, Ms. Lai does not allege that she was injured as a result of an assault and battery and "the evidence shows without contradiction that the beer bottles did *not* come from the direction of the stage where the disturbance was located." Defendants' opposition, *supra*, at 6. Defendants also contend that plaintiff cannot avail itself of any exclusion unless it

can establish both an assault and a battery on Ms. Lai.

In any event, continue defendants, plaintiff had an obligation to appear and defend its insured, at least until "more [was] known about the intent of the attacker and whether the victim was truly injured as a result of a civil 'assault and battery.'" Defendants' opposition, *supra*, at 7. Defendants rely on *American Continental Insurance Co. v. Pooya*, 666 A.2d 1193 (D.C. 1995); *Interstate Fire & Casualty Company, Inc. v. 1218 Wisconsin, Inc., supra*; and *7416 Baltimore Avenue Corp. v. Penn–America Insurance Co.*, 83 Md.App. 692, 577 A.2d 398 (1990). Defendants further urge that as Ms. Lai's injuries were not plainly caused by an assault and battery, plaintiff should have defended The Bank against Ms. Lai's allegations of negligence in The Bank's supervision of its operation.

Next, defendants note that the exclusionary language here employed purposely states "resulting from assault and battery or physical altercations that occur in, on, or near the insured's premises," as opposed to "arising out of" such activities . . . . [2]

In reply plaintiff stresses that "[W]hether Ms. Lai was actually injured as a result of an assault and battery or physical altercation is not determinative of Penn–America's duty to defend. Rather, that determination solely depends on the facts alleged in the underlying complaint." Plaintiff's reply to defendants' opposition to plaintiff's motion for summary judgment at 3. Plaintiff again cites *Washington v. State Farm Fire & Casualty Co., supra*. In addition, plaintiff assails the reasonableness of defendants' character-

---

**2.** Notably, both terms are used as the Assault and Battery Exclusion excludes [coverage] "arising out of 'Bodily Injury,' . . . [and] 'Personal Injury['] . . . resulting from assault and battery or physical altercation[.]" Statement of points and authorities, *supra*, Exhibit J at 1.

ization of Ms. Lai's complaint vis-à-vis the exclusionary language and underscores that *Interstate Fire & Casualty Company, Inc. v. 1218 Wisconsin, Inc., supra,* is readily distinguishable as precedent because "Ms. Lai's complaint did not allege assault and battery and then negligence in the alternative." Plaintiff's reply, *supra,* at 5–6. Plaintiff also urges that unlike Maryland, this jurisdiction follows the exclusive pleading rule, and such precedent as *7416 Baltimore Ave. Corp. v. Penn–America Insurance Co., supra,* is therefore not here *ad rem.* Neither, explains plaintiff, is *American Continental Insurance Co. v. Pooya, supra,* as Ms. Lai asserted only a cause of action springing from assault and battery or a physical fight in the nightclub, not from "another patron's negligence or reckless conduct." Plaintiff's reply, *supra,* at 9. The Court, urges plaintiff, should not so enlarge *Pooya, supra,* as to include claims that Ms. Lai could possibly have pleaded, but declined to do so. . . .

▮ If, as plaintiff contends, the allegations of the complaint filed by Lieu Lai in *Lai v. I.J.G., Inc., supra,* assert a cause of action excluded from coverage of the insurance policy written by plaintiff, no duty to appear and defend The Bank is imposed on plaintiff. " ' "[T]he duty to defend," [' "] in short, " ' "depends only upon the facts as alleged to be," ' " while " ' "the duty to indemnify, *i.e.,* ultimate liability depends rather upon the true facts." ' " *Salus Corp. v. Continental Casualty Co.,* 478 A.2d 1067, 1069–70 (D.C.1984), quoting *S. Freedman & Sons, Inc. v. Hartford Fire Insurance Co.,* 396 A.2d 195, 197 (D.C.1978) (quoting *American Policyhold-*

ers' Insurance Co. v. Cumberland Cold Storage Co., 373 A.2d 247, 250 (Me.1977)).

▮ Close inspection of the complaint in *Lai v. I.J.G., Inc., supra,* reveals, without doubt,[3] that the pleading sets forth a cause of action in tort which is plainly bottomed on an affray at The Bank at two o'clock in the morning on October 12, 1997. The complaint makes manifest that Ms. Lai was injured in the course of "violent activity," which occurred when "a violent fight erupted in The Bank and beer bottles were thrown throughout the club by other patrons." Complaint, *supra,* ¶ 4. The Bank's liability, moreover, allegedly arises out of its negligence in providing sufficient security measures and "in failing to prevent or stop the fight and the throwing of beer bottles which led to Ms. Lai's injuries." Complaint, *supra,* ¶ 7. Despite defendants' resourceful and inventive exegesis of the pleading, no amount of explication de texte can enlarge or alter the plain meaning of the complaint. It cannot, as defendants urge, be interpreted to mean that "the fight was coincidental with the bottle throwing." Defendants' opposition to plaintiff's motion for summary judgment at 6. Nor can it bear the weight of defendants' fanciful and implausible suggestion that what befell Ms. Lai was unconnected with the violence that flared in the nightclub. Instead, the complaint can only mean that plaintiff was injured because of being struck by a bottle in the course of a "physical altercation" at the nightclub. Whether denominated as a fight, altercation, melee, violent activity, affray, or brawl, what took place on October 12, 1997, is pellucidly identified in the complaint and is exactly what is excluded from coverage. . . .

---

**3.** *See, e.g., Washington v. State Farm Fire & Casualty Co., supra,* 629 A.2d at 26 and case

there cited.

■ The Court, of course, ought not to "look solely to the literal wording of the complaint and thereby disregard claims that clearly are included within the alleged causes of action." *American Continental Insurance Co. v. Pooya, supra,* 666 A.2d at 1197 (footnote omitted). Here, nonetheless, careful inspection of the complaint "for all plausible claims encompassed within the complaint," and close consideration of whether "the allegations of the complaint state a cause of action within the policy coverage and give fair notice to the insurer that the insured is being sued upon an occurrence which gives rise to a duty to defend under the terms of the contract," *Pooya, supra,* [666 A.2d] at 1197 (citations omitted), compel a conclusion that what is alleged by Ms. Lai falls within what is excluded from coverage by Penn–America Insurance Company. The complaint asserts unmistakably that plaintiff was hurt by a bottle thrown during the course of a violent fight in the nightclub. Regardless of the inventive interpretation of the complaint urged by defendants in their opposition, *supra,* the words selected by Ms. Lai in her short, straightforward complaint cast no doubt on what Ms. Lai has alleged nor on the cause of action she advances....

Nor is such case law as *Interstate Fire and Casualty Co. v. 1218 Wisconsin, Inc., supra,* here applicable as the issue of intent, like the issue of whether assault must inevitably precede and accompany battery, is not determinative where coverage excludes injury which results—or arises—from "physical altercations that occur in, on, or near the insured's premises." That Ms. Lai may have been struck as she was leaving the nightclub, or that she was st[r]uck from an angle opposite the center of the fight, was nowhere recited in the complaint. Even if it had been, however, such recitation would not alter the Court's analysis because the pleading makes manifest that the sole occurrence which gave rise to Ms. Lai's eye injury was the brawl at The Bank.

. . . .

■ In sum, review of Ms. Lai's complaint reveals that its straightforward allegations of physical injury occurring as a consequence of a physical altercation at The Bank excuses plaintiff from appearing and defending I.J.G., Inc., because of the Assault and Battery Exclusion to the coverage under the insurance policy written for I.J.G., Inc., by plaintiff. As the decisional law indicates, " 'a court will not torture words to import ambiguity where the ordinary meaning leaves no room for ambiguity.' " *Redmond v. State Farm Insurance Co.,* 728 A.2d 1202, 1206 (D.C.1999), quoting *Peerless Insurance Co. v. Gonzalez,* 241 Conn. 476, 697 A.2d 680, 683 (Conn.1997) (internal quotations and citation omitted).

■ Finally, insofar as plaintiff seeks a determination that it need not indemnify The Bank for claims alleged against it by Ms. Lai in *Lai v. I.J.G., Inc., supra,* the Court concludes, as Ms. Lai has conceded, that "[a]s a result [of] the disturbance which took place in The Bank on October 12, 1997, the beer bottle that struck Ms. Lai shattered and cut her left eye, left eyelid, left eyebrow and her nose." Statement of material facts not in dispute in support of plaintiff, Penn–America Insurance Company's motion for summary judgment, Exhibit D at 7, answers to interrogatory 16. Ms. Lai has admitted that she was "in the middle of the bar and the stage," deposition of Ms. Lai of July 6, 2000 at 75, "about ten to fifteen feet from the people who were pushing and shoving," when she turned from "facing the stage where the pushing and shoving was going on," deposition of Ms. Lai, *supra,* at 76, to

her left and was then struck by a bottle. Defendants have come forth with no factual submission to controvert materially what the pleadings and discovery responses establish, *viz.*, that the injuries were sustained on account of a barroom brawl that broke out as Ms. Lai, a patron, stood nearby.[4] Superior Court Rule 56(e) of Civil Procedure. Defendants' suggestion that a jury could determine that the bottle which struck Ms. Lai was thrown coincidentally or for reasons or under circumstances unrelated to the fight identifies no basis in fact or in law for such a determination to be made by the trier of fact. It must be rejected and judgment entered as a matter of law in plaintiff's favor.

Alternatively, the Court will award plaintiff declaratory judgment as to indemnification because the Court concludes that "indemnification under the policy is not due unless the insured actually loses or is made liable for, claims that are covered by the policy," and that "the duty to indemnify, *i.e.*, ultimate liability, depends rather upon the true facts." *Sherman v. Ambassador Insurance Co.*, 216 U.S.App. D.C. 93, 101, 670 F.2d 251, 259 (1981), citing *S. Freedman & Sons v. Hartford Fire Insurance Co.*, *supra*, 396 A.2d at 197. Despite their agreement, *supra*, defendants can point to no adequate factual determination which provides a foundation for claiming indemnification. The pol-

icy, significantly, indicates that "[a] person or organization may sue [Penn–America] to recover on an agreed settlement or on a final judgment," but "[a]n agreed settlement means a settlement and release of liability signed by [Penn–America], the insured and the claimant or the claimant's legal representation." Motion for summary judgment, *supra*, [E]xhibit I, Commercial General Liability Coverage Form at 9. Here, of course, plaintiff withheld its approval of the settlement Ms. Lai entered into with The Bank. Moreover, no "final judgment against an insured obtained after an actual trial" was here awarded defendants, *id.*, and, in any event, " 'whether there is a duty to pay a judgment or to indemnify an assured who has paid usually cannot be determined until the evidence has been heard.' " *Sherman v. Ambassador Insurance Co.*, *supra*, 216 U.S.App. D.C. at 102, 670 F.2d at 260, quoting *Donnelly v. Transportation Insurance Co.*, 589 F.2d 761, 765 (4th Cir.1978).[5] In other words, no factual determination as to liability was here made by the Court or stipulated to by the parties and thus no foundation has been furnished for recovery by either The Bank or Ms. Lai from plaintiff. The arrangement between The Bank and Ms. Lai is, furthermore, by itself unavailing to Ms. Lai. "Because her claim was entirely derivative, [Penn–America] had no greater obligation to pay Ms. [Lai] than it had to indemnify The [Bank]." *Interstate*

---

4. Summary judgment is properly entered "after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Otherwise stated, "there is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106

S.Ct. 2505, 91 L.Ed.2d 202 (1986). However the non-moving party is "entitled to all favorable inferences which may reasonably be drawn from the evidentiary materials." *Beard v. Goodyear Tire & Rubber Co.*, 587 A.2d 195, 198 (D.C.1991).

5. Except as noted, *supra*, the Court does not address the effect of the release signed by Ms. Lai as such further determination is not necessary to the Court's decision.

*Fire & Casualty Co. v. 1218 Wisconsin, Inc., supra,* 329 U.S.App. D.C. at 96, 136 F.3d at 836.

WHEREFORE the Court this *XI* day of May, 2001,

ORDERS that plaintiff's motion for summary judgment be, and it hereby is, granted; and

FURTHER ORDERS that judgment be, and it hereby is, entered declaring that plaintiff had no responsibility to appear and defend defendant, I.J.G., Inc., trading as The Bank, in *Lai v. I.J.G., Inc.,* 99–CA–3962, or to indemnify I.J.G., Inc. trading as The Bank for claims alleged by plaintiff, Lieu Lai, against defendant, I.J.G., Inc., trading as The Bank, defendant in *Lai v. I.J.G., Inc.,* 99–CA–3962; and

FURTHER ORDERS that the counter-claim of defendant and counter-plaintiff, Lieu Lai, be, and it hereby is, dismissed.

John H. Bayly, Jr.

John H. Bayly, Jr., Judge

Docketed May 15, 2001